2-00-1409

No. 2--00--1409

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

__________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Ogle County.

)

Plaintiff-Appellant, )

) Nos. 00--TR--2367

v. ) 00--TR--5921

)

BARTON L. BAIE, ) Honorable

) Michael T. Mallon,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

The State appeals from the judgment of the circuit court of Ogle County dismissing a traffic charge against defendant, Barton Baie, because of the State's alleged failure to comply with Supreme Court Rules 504 and 505 (134 Ill. 2d Rs. 504, 505).  On appeal, the State contends that the trial court erred in dismissing the case,  as defendant failed to abide by the requirements of Rule 505 that he notify the clerk of the circuit court prior to his first appearance that he intended to plead not guilty and demand a jury trial.  

Defendant was charged by uniform traffic citation with failure to reduce speed (625 ILCS 5/11--601(a) (West 1998)).  The arresting officer set defendant's initial appearance date on April 26, 2000.  On that date defendant appeared, pleaded not guilty to the charge, and made a jury demand.  The trial court set June 12, 2000, for a pretrial conference.  On June 12 defendant appeared with counsel, who informed the court that defendant was waiving a jury trial and asked for a date for a bench trial.  Defendant filed a  "Jury Trial Waiver" form, which stated he was voluntarily waiving his right to a jury and pleading not guilty to the offense charged.  The court set trial for August 10, 2000.  

On August 10 the State requested a continuance.  The State informed the court that the case involved a fatality and that a witness, who was working on a roadside crew and witnessed the accident, was not available.  As a result, the State had "called off" its other witnesses.  Defense counsel objected to the continuance, stating that defendant was ready for trial and misrepresenting that the State had already had two continuances, 
i.e.
, from April 26 to June 12 and from June 12 to the present date.  The trial court denied the State's motion for a continuance, finding that no good cause was shown for the continuance because the subpoenas for the State's witnesses were not issued until August 2, 2000, although the case had been set in June for trial on the present date.  The court dismissed the case without prejudice and indicated that the State could refile the charge against defendant.

Subsequently, on August 16, 2000, the State refiled the charge  by information.  Arraignment was set for September 8, 2000.  On September 8, defendant was not present and defense counsel asked that the case be reset for another date.  Counsel alerted the court and the State that he intended to prepare and present a motion to dismiss under Supreme Court Rule 504.  As a result of this pronouncement, the court set November 9, 2000, for a hearing on the motion.  

On that date defense counsel argued that the case should be dismissed based on Rule 504 and the holding in 
People v. Nelson
, 18 Ill. App. 3d 628 (1974).  Counsel contended that the procedural history in the instant case was identical to that in 
Nelson
 and that in 
Nelson
 the appellate court determined that the State's refiling of the charges against defendant after a denial of its motion to continue and the dismissal of the case was barred by Rule 504. 

The State disagreed that 
Nelson
 was identical to the instant case.  Additionally, the State argued that the progression of the instant case removed it from the scope of Rules 504 and 505.  The State contended that the rules were designed to speed up the resolution of petty traffic tickets but applied only if a defendant followed the procedures set forth in the rules.  The State maintained that the facts in 
People v. Brookbank
, 79 Ill. App. 3d 412 (1979), were more similar to the present case than those in 
Nelson
.  The State stressed that in 
Brookbank
 the appellate court determined that the purpose of Rule 504 was to give a defendant the right to have his case disposed of on the first court date and that nothing in the language of the rule indicated it was intended to have effect beyond the initial appearance date.  

The State also took issue with defense counsel's portrayal that the State was responsible for dragging out the case.  The State pointed out that defendant's choice in pleading not guilty and asking for a jury trial on his initial appearance date and then, subsequently, asking for a bench trial instead of a jury trial also prolonged the case.  

In making its ruling, the trial court initially stated that the State had not "dragged its feet" prior to the hearing on August 10 when it sought a continuance.  The court clarified its August 10 ruling, pointing out that it had not felt good cause had been shown for a continuance.  Additionally, the court commented that, in giving the State leave to refile at that time, it had also stated that it did not know whether Rule 505 applied to the case.  The court then determined that it believed Rules 504 and 505 applied to the particular circumstances of the instant case and granted defendant's motion to dismiss the case.  The State timely appealed.   On appeal the State contends that the trial court erred in dismissing the case based on a violation of Supreme Court Rules 504 and 505.  Rules 504 and 505 provide a framework of times and limits governing appearances and trials for traffic and conservation offenses.  
People v. Thompson
, 190 Ill. App. 3d 678, 680 (1989).  Rule 504 states:

"The date set by the arresting officer or the clerk of the circuit court for an accused's appearance in court shall be not less than 14 days but within 49 days after the date of the arrest, whenever practicable.  It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense punishable by fine only should be granted a trial on the merits on the appearance date or, if the accused demands a trial by jury, within a reasonable time thereafter.  Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance."  134 Ill. 2d R. 504.

Rule 505 states in relevant part:

"When issuing a Uniform Citation and Complaint, a conservation complaint or a Notice to Appear in lieu of either, the officer shall also issue a written notice to the accused in substantially the following form:

AVOID MULTIPLE COURT APPEARANCES

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 10 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance.  A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date.  Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.

Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance."  134 Ill. 2d R. 505.

Rules 504 and 505 were established primarily for the benefit of defendants to eliminate multiple court appearances with respect to traffic charges.  
People v. Harlin
, 201 Ill. App. 3d 147, 149 (1990).  Rule 504 affords traffic defendants a disposition on the merits on their appearance date unless, pursuant to Rule 505, they file a notice of intent to plead not guilty and/or to demand a trial.  
People v. Rumler
, 161 Ill. App. 3d 244, 246 (1987). The State maintains that, under the particular circumstances of the instant case, Rules 504 and 505 ceased to apply once defendant failed to notify the clerk of the court prior to his initial court appearance on April 26, 2000, that he intended to plead not guilty and demand a jury.  Therefore, the State asserts, the trial court erred in dismissing the case based on a violation of these rules.

Defendant responds that the State did not provide any evidence that he received notice of Rule 505 and, thus, he could not have knowingly waived the rule.  However, the record does not reveal that defendant raised the issue of whether he had received notice of Rule 505 in his motion to dismiss or at the hearing on the motion.  The motion has not been made a part of the record.  Also, defendant's position at the hearing was that, under Rule 504 and the holding in 
People v. Nelson
, 18 Ill. App. 3d 628 (1974), he was entitled to a disposition on the merits when he appeared in court on August 10 and, therefore, the State's failure to show good cause for a continuance on that date mandated the dismissal of the charge against him without any right to reinstate the charge.  Issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal.  
People v. Davis
, 205 Ill. App. 3d 431, 438 (1990).  Accordingly, because defendant did not challenge in the trial court the State's failure to provide evidence of defendant's receipt of a Rule 505 notice, that issue has been waived.  

As pointed out by the State in the trial court and on appeal, this court in 
People v. Brookbank
, 79 Ill. App. 3d 412 (1979), was faced with a similar fact pattern and the same precise issue as in the instant case.  In 
Brookbank
 the defendant was charged by traffic ticket and directed to appear on July 27.  On that date he appeared with counsel, pleaded not guilty, and demanded a jury trial.  The court set trial for August 4.  On August 4 defense counsel appeared and withdrew the defendant's jury demand.  A bench trial was then set for September 8.  On September 8 the defendant advised the court that he was ready for trial.  The State requested a continuance because a material witness was absent and because it had called off its witnesses.  The court denied the continuance.  The State then moved to nol-pros, and the court granted the State's motion.  

Subsequently, the State refiled the charges, and the defendant was required to appear on October 3.  On that date defendant appeared and moved to dismiss the case based on Rules 504 and 505.  The trial court granted the dismissal and the State appealed.  

On appeal we formulated the issue in the case as whether the defendant waived his rights under Supreme Court Rule 504 when he demanded a jury trial and then subsequently withdrew that demand without complying with the provisions of Supreme Court Rule 505.  We further clarified the issue by stating:

"Stated in another way, the basic issue is whether Rule 504 gives the defendant a continuing right to demand trial at every court appearance and to have the charges dismissed on the merits unless the State can show highly extenuating circumstances as grounds for a continuance, or whether the policy of the rule applies only to the initial appearance date."  
Brookbank
, 79 Ill. App. 3d at 414.

We pointed out that, although the defendant pleaded not guilty and demanded a jury trial at the time of his initial appearance on July 27, he did not notify the clerk of the court prior to that date of his intention to do so as required under Rule 505.  We determined:

"Nothing in the language of Rule 504 indicates that it was intended to have effect beyond the initial appearance date.  Its sole purpose appears to be to grant defendants the right to have their cases disposed of on the first court date, absent unusual circumstances, if they so desire.  However, this right has the accompanying responsibility set forth in Rule 505 which requires the defendant to notify the clerk of an intention to plead not guilty or to demand a trial by jury."  
Brookbank
, 79 Ill. App. 3d at 414-15.

We concluded that, because the defendant had not filed notice pursuant to Rule 505, he lost his Rule 504 rights prior to the September 8 hearing.  
Brookbank
, 79 Ill. App. 3d at 415.

Like the defendant in 
Brookbank
, defendant here was charged by traffic ticket and ordered to appear on a certain date.  On that initial appearance date, April 26, he pleaded not guilty and made a jury demand.  Subsequently, on June 12 he withdrew his jury demand and the case was set for bench trial on August 10.  On that date defendant advised the court he was ready for trial.  The State requested a continuance because a material witness was absent and it had called off its other witnesses.  The court denied the State's continuance but allowed the State to refile the charge against defendant.  The State refiled an identical charge against defendant.  As in 
Brookbank
, defendant then filed a motion to dismiss based on Rules 504 and 505, which the trial court granted.   We find our decision in 
Brookbank
 controlling and adopt the reasoning set forth in that opinion.  Accordingly, we reiterate what we stated therein, namely, that Rule 504 is not intended to be effectual beyond the initial appearance date and that to have one's case disposed of on the initial court date a defendant must notify the clerk of the court, prior to that date, of his intention to plead not guilty and to demand a jury trial.

Defendant maintains, as did the defendant in 
Brookbank
, that the holding in 
People v. Nelson
, 18 Ill. App. 3d 628 (1974), is controlling.  In 
Brookbank
 we stated that 
Nelson
 did not suggest a result different from the one we had reached 
because the defendants in 
Nelson
 had filed their Rule 505 notices, although they were filed late, 
i.e.
, six days after the defendants appeared and entered oral pleas of not guilty.  The trial court in 
Nelson
 accepted the defendants’ late notices as well as their guilty pleas when tendered and then set a new date for trial.  That date, according to the Appellate Court, Third District, 
constituted the initial appearance as contemplated by Rules 504 and 505 and, therefore, the defendants were entitled to a disposition on the merits at that time.  
Nelson
, 18 Ill. App. 3d at 631.  Because  the arresting officer failed to appear on the new date, the Third District found dismissal was proper.  

Unlike the defendants in 
Nelson
, however, the defendant in 
Brookbank
 had at no time filed notice pursuant to Rule 505 and, therefore, we refused to extend 
Nelson
 beyond its particular facts.  In the present case, defendant asserts that, similarly to the defendants in 
Nelson
, he filed a late written notice of his intent to plead not guilty and, therefore, 
Nelson
 rather than 
Brookbank
 is the decision upon which we should rely.  Defendant has provided no cite to the record wherein his Rule 505 notice can be found. Apparently, defendant believes that the jury waiver form that he filed on June 12, when he informed the court that he was waiving his right to a jury trial, constituted a late Rule 505 notice of intent and that, therefore, under 
Nelson
, the new date set for trial, August 10, constituted the initial appearance date.  Defendant maintains that, as a result, he was entitled to a disposition on the merits on August 10 and that, pursuant to Rule 504, the State’s failure to present any evidence on that date was a proper ground for dismissal without leave to reinstate.   

We do not believe that defendant’s jury waiver form is the type of notice contemplated in Rule 505.   Nonetheless, even were we to conclude otherwise
 and consider the jury waiver form to constitute a proper Rule 505 notice, we would not rely on the Third District’s holding in 
Nelson
 as opposed to our holding in 
Brookbank
.  In 
Brookbank
 we stressed that we have consistently refused "to expand Rule 504 beyond its express terms and intent."  
Brookbank
, 79 Ill. App. 3d at 415.  We adhere to that refusal here because, as pointed out in 
Brookbank
 and earlier in this disposition, Rule 504 applies solely to a defendant's right to have his traffic case disposed of on the first court date.  In the present case, that date was April 26.  To exercise his right to have a disposition on the merits on his first court date, a defendant, pursuant to Rule 505, must notify the clerk of the court prior to that date of his intention to plead not guilty or to demand a jury trial.  Defendant did not do so in the present case and, consequently, he lost his Rule 504 rights prior to the August 10 hearing, 
i.e.
, the hearing date on which the trial court relied in subsequently ruling that dismissal was proper for a violation of Rule 504.

Under our decision in 
Brookbank
, therefore, we find the trial court erred in dismissing the instant case based on its determination that Supreme Court Rules 504 and 505 applied to the particular circumstances of the case.  

Accordingly, we reverse the judgment of the circuit court of Ogle County and remand the cause for further proceedings.

Reversed and remanded.

HUTCHINSON, P.J., and GROMETER, J., concur.