THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DWAYNE WALTER, Defendant-Appellee.

Third District   No. 3—02—0248

Opinion filed November 8, 2002.

172

William Poncin, State's Attorney, of Macomb (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellee.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

The circuit court of McDonough County granted a motion filed by defendant Dwayne Walter to dismiss the State's charge of driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 2000)). The State appeals. We affirm.

On December 15, 2001, state trooper Danny R. Leezer arrested defendant for DUI and issued a uniform citation and complaint requiring him to appear in court at 9 a.m. on "January 23, 2001." Defendant was transported to the McDonough County jail, where he was subsequently released on bond and again given notice to appear in court at 9 a.m. on "January 23, 2001." On December 21, 2001, attorney John A. Carter entered his appearance on defendant's behalf.

On February 15, 2002, defendant filed a motion to dismiss based on Leezer's failure to set a date for defendant's first court appearance pursuant to Supreme Court Rule 504 (166 Ill. 2d R. 504) within 14 to 60 days after defendant's arrest. At the hearing on the motion, the following facts were established. Defendant did not request the 2001 first appearance date, and neither defendant nor his attorney appeared in court on January 23, 2002. It was not impracticable for Leezer to have scheduled defendant's first appearance within the time limits of Rule 504. In fact, he intended to set the appearance date for January 23, 2002, not 2001. Likewise, the corrections officer who issued the bail bond intended defendant's appearance date to be January 23, 2002.

Based on the foregoing undisputed facts, the trial court granted defendant's motion to dismiss the DUI charge.

On appeal, the State contends that the trial court abused its discretion because the time limitation of Rule 504 is directory and because defendant was not prejudiced by the obvious scrivener's error. In response, defendant argues that where an error in setting an impossible first appearance date was caused by the State without any bad faith on the part of the defendant, the court does not abuse its discretion by granting a dismissal of the charge.

■ Supreme Court Rule 504 governs the setting of a defendant's first appearance date in traffic cases. The rule provides that "[t]he date set by the arresting officer *** for an accused's first appearance in court shall be not less than 14 days but within 60 days after the date of the arrest, whenever practicable." 166 Ill. 2d R. 504. Rule 504's time limitation is directory, not mandatory. *Village of Park Forest v. Fagan*, 64 Ill. 2d 264, 356 N.E.2d 59 (1976). Therefore, if the arresting officer sets a first appearance date outside the period provided by the rule, the trial court is not required to dismiss the charge for lack of jurisdiction. *Fagan*, 64 Ill. 2d 264, 356 N.E.2d 59. However, the State bears the burden in such situations of establishing that it was impracticable to comply with the rule's time limitation. *Fagan*, 64 Ill. 2d 264, 356 N.E.2d 59.

■ In determining if it was practicable to set the first appearance date within the prescribed 14- to 60-day period, neither the arresting officer's intent nor prejudice to the defendant is relevant. *People v. Al-*

*fonso,* 191 Ill. App. 3d 963, 548 N.E.2d 452 (1989). If the trial court determines that it was not impracticable to set the date within the rule's time limitation, the court's dismissal of charges will not be disturbed on review absent an abuse of discretion. *Alfonso,* 191 Ill. App. 3d 963, 548 N.E.2d 542.

■ Here, it is readily apparent that both the arresting officer and the corrections officer committed "scrivener's errors" in setting an impossible first appearance date for defendant. It is also uncontested that defendant did nothing to cause the errors. Clearly, defendant was not obliged to guess what date the officers truly intended for him to appear in court or to bring the officers' errors to the court's attention before seeking a dismissal of the charge.

The State's arguments that the officers' errors were unintended and "technical" (see *Alfonso,* 191 Ill. App. 3d 963, 548 N.E.2d 452) and that the limitations period is directory, not mandatory, miss the point. The plain language of the rule provides that the setting of a first appearance date outside the prescribed period of Rule 504 is excusable only upon evidence of the impracticability of setting the date within the prescribed period. See *Alfonso,* 191 Ill. App. 3d 963, 548 N.E.2d 542. In this case, the State presented no such evidence. We further note the lack of any showing that a correction of the erroneous court date could not have been initiated by the State prior to February 13, 2002, when the period prescribed by Rule 504 expired. From the record on review, it appears that the prosecution took no action in the cause until after defendant filed his motion to dismiss.

In sum, the State does not dispute that it was "not impracticable" for the State to set a first appearance date for defendant within the 14- to 60-day period of Rule 504. Accordingly, the trial court's order of dismissal was not an abuse of its discretion. See *Alfonso,* 191 Ill. App. 3d 963, 548 N.E.2d 542.

The judgment of the circuit court of McDonough County is affirmed.

Affirmed.

McDADE and SLATER, JJ., concur.