911 N.E.2d 1015 (2009)
The PEOPLE of the State of Illinois, Plaintiff-Appellant,
v.
Courtney M. LOVE, Defendant-Appellee.
No. 3-08-0518.
Appellate Court of Illinois, Third District.
June 3, 2009.
As Modified Special Concurrence July 7, 2009.
*1016 Terry A. Mertel, Deputy Director, State's Attorneys Appellate Prosecutor, Robert M. Hansen (argued), State's Attorneys Appellate Prosecutor, Ottawa, IL, James Glasgow, State's Attorney, Joliet, IL, for Appellant.
Ted P. Hammel (argued), Sarah M. Vahey, Brumund, Jacobs, Hammel, Davidson & Andreano, LLC, Joliet, IL, for Appellee.
Justice McDADE delivered the opinion of the court:
Defendant, Courtney Love, was charged by Illinois citation and complaint (citation) with driving under the influence of alcohol (DUI) (625 ILCS 5/11-501 (a) (West 2006)). Defendant moved to dismiss the charge on the ground that the State failed to comply with Supreme Court Rule 504 (166 Ill.2d R. 504). The trial court granted defendant's motion. On appeal, the State argues that the trial court's dismissal was not a disposition on the merits barring further prosecution. We reverse and remand for further proceedings.

FACTS
On November 10, 2007, defendant was charged by citation with DUI. The citation set defendant's appearance date for January 18, 2008. On January 14, 2008, defendant filed a motion to dismiss which alleged that her first appearance date 69 days after her arrest violated Rule 504. Along with her motion to dismiss, defendant also filed a demand for a jury trial pursuant to Supreme Court Rule 505 (166 Ill.2d R. 505) and a demand for a speedy trial pursuant to section 103-5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5 (West 2006)).
On January 18, 2008, the parties appeared in court. Neither party specifically announced ready for trial. The State requested a hearing date on defendant's motion to dismiss and the matter was scheduled to be heard on March 14, 2008. Following argument, the trial court granted *1017 defendant's motion, specifically holding that the dismissal was without prejudice.
On April 2, 2008, the State filed the information at issue charging defendant with the same DUI offense that had been dismissed. Defendant subsequently filed another motion to dismiss pursuant to Rule 504 alleging that the order dated March 14, 2008, was a dismissal on the merits and should have been with prejudice. Upon hearing argument, the trial court held that its earlier dismissal without prejudice was a "mischoice of words" and that this misstatement did not give the State the right to refile the DUI charge. The court reasoned that regardless of whether the dismissal was with or without prejudice the fact remained that the initial appearance date was improperly set for 69 days after defendant's arrest. Thus, the court granted defendant's motion to dismiss. The State appeals.

ANALYSIS
The sole question before us is whether a dismissal of a DUI charge on the ground that the defendant's first appearance date was more than 60 days from the arrest bars the State from refiling the DUI charge. The State argues that the instant dismissal was not a disposition on the merits contemplated by Rule 504 and thus does not bar further prosecution. In response, defendant calls our attention to the fact that she filed a demand for a jury trial and alleges that she was ready to proceed for trial on January 18, 2008. Thus, defendant contends that the State failed to properly prosecute its case. The arguments made by the parties present questions of pure law. Accordingly, we review this matter de novo. People v. McCarty, 223 Ill.2d 109, 148, 306 Ill.Dec. 570, 858 N.E.2d 15, 39 (2006).
We begin our analysis with a review of Rule 504. Rule 504 applies to all traffic offenses defined by Supreme Court Rule 501. Rule 504, entitled "Appearance Date" provides:
"The date set by the arresting officer or the clerk of the circuit court for an accused's first appearance in court shall not be less than 14 days but within 60 days after the date of the arrest, whenever practicable. It is the policy of this court that, if the arresting agency has been exempted from the requirements of Rule 505, an accused who appears and pleads `not guilty' to an alleged traffic or conservation offense punishable by fine only should be granted a trial on the merits on the appearance date or, if the accused demands a trial by jury, within a reasonable time thereafter. A failure to appear on the first appearance date by an arresting officer shall, in and of itself, not normally be considered good cause for a continuance." 166 Ill.2d R. 504.
We have previously examined the question of whether an officer's failure to set a date for an accused's first appearance within 14 to 60 days warrants dismissal of a DUI charge. In People v. Walter, 335 Ill.App.3d 171, 269 Ill.Dec. 116, 779 N.E.2d 1151 (2002), the defendant was arrested in December 2001 for DUI and issued a uniform citation and complaint requiring him to appear in court on January 23, 2001. On February 15, 2002, the defendant filed a motion to dismiss based on the officer's failure to set a date for defendant's first court appearance pursuant to Rule 504. The trial court granted the defendant's motion to dismiss and the State appealed. On appeal, the State argued that the trial court abused its discretion because the time limitation of Rule 504 is directory and because defendant was not prejudiced by the obvious scrivener's error. In rejecting the State's argument, we stated:

*1018 "Supreme Court Rule 504 governs the setting of a defendant's first appearance date in traffic cases. The rule provides that `[t]he date set by the arresting officer * * * for an accused's first appearance in court shall be not less than 14 days but within 60 days after the date of the arrest whenever practicable.' [Citation.] Rule 504's time limitation is directory, not mandatory. [Citation.] Therefore, if the arresting officer sets a first appearance date outside the period provided by the rule, the trial court is not required to dismiss the charge for lack of jurisdiction. [Citation.] However, the State bears the burden in such situations of establishing that it was impracticable to comply with the rule's time limitation. [Citation.]
In determining if it was practicable to set the first appearance date within the prescribed 14-to 60-day period, neither the arresting officer's intent nor prejudice to the defendant is relevant. [Citation.] If the trial court determines that it was not impracticable to set the date within the rule's time limitation, the court's dismissal of charges will not be disturbed on review absent an abuse of discretion. [Citation.]
* * *
The State's arguments that the officers' errors were unintended and `technical' [citation] and that the limitation period is directory, not mandatory, miss the point. The plain language of the rule provides that the setting of a first appearance date outside the prescribed period of Rule 504 is excusable only upon evidence of the impracticability of setting the date within the prescribed period. [Citation.] In this case, the State presented no such evidence. We further note the lack of any showing that a correction of the erroneous court date could not have been initiated by the State prior to February 13, 2002, when the period prescribed by Rule 504 expired. From the record on review, it appears that the prosecution took no action in the cause until after defendant filed his motion to dismiss.
In sum, the State does not dispute that it was `not impracticable' for the State to set a first appearance date for defendant within the 14to 60day [period] of Rule 504. Accordingly, the trial court's order of dismissal was not an abuse of its discretion. [Citation.]" Walter, 335 Ill.App.3d at 173-74, 269 Ill.Dec. 116, 779 N.E.2d at 1152-53.
In the present case, the State does not dispute that the setting of defendant's first appearance date 69 days after his arrest violated Rule 504. The State failed to present any evidence of the impracticability of setting the date within Rule 504's prescribed period at the hearing on defendant's motion to dismiss. Thus, our holding in Walter clearly illustrates that the setting of defendant's first appearance date 69 days after his arrest violated Rule 504 and thus the trial court's order of dismissal was not an abuse of discretion. See Walter, 335 Ill.App.3d at 173-74, 269 Ill.Dec. 116, 779 N.E.2d at 1152-53. Our inquiry, however, does not end there. The question remains whether the trial court's dismissal bars the State from refiling the DUI charge.
The trial court ultimately held that the State did not have the right to refile the DUI charge because the fact remained that the initial appearance date was improperly set for 69 days after defendant's arrest. In support of its assertion that the instant dismissal was not a disposition on the merits contemplated by Rule 504 and thus does not bar further prosecution, the State cites our decision in People v. Rumler, 161 Ill.App.3d 244, 113 Ill.Dec. 15, 514 N.E.2d 797 (1987). The defendant in *1019 Rumler was charged by uniform citations with DUI. The defendant moved to dismiss the citations on the ground that his first appearance date 13 days after his arrest violated Rule 504. The trial court found insufficient evidence that a proper appearance date was impracticable and thus granted the defendant's motion. At that time, the State announced that informations charging the defendant with the same offenses as the previous citations had been filed. The defendant filed a subsequent motion to dismiss the information alleging that the trial court's previous dismissal order precluded the State from proceeding on the information. Upon hearing argument, the trial court denied the defendant's motion to dismiss.
On appeal, the defendant argued that the previous dismissal of the citations was a decision on the merit s, pursuant to Rule 504, that barred further prosecution. We examined the defendant's claims under a previous version of Rule 504, which provided: (1) that whenever practicable, an accused's appearance date shall be neither less than 14 nor more than 49 days from the arrest; and (2) that an accused who appears and pleads not guilty to an alleged traffic offense should be granted a trial on the merits on the appearance date set by the arresting officer. Rumler, 161 Ill. App.3d at 246, 113 Ill.Dec. 15, 514 N.E.2d at 798, citing 107 Ill.2d R. 504. In affirming the trial court's denial of defendant's motion to dismiss we stated:
"An accused who appears and pleads not guilty to an alleged traffic offense, if ready for trial, is entitled to a trial or a disposition on the merits on the first appearance date or the trial date set according to Rule 505. [Citation.] Dismissal for the State's failure to proceed is, therefore, a final disposition on the merits that bars further proceedings. [Citation.] The State may not then circumvent Rules 504 and 505 by subsequently filing criminal complaints. [Citation.] To allow such proceedings would violate the purpose of Rule 504 by repeatedly forcing defendants into court on the same charge. [Citation.]
We find that the instant dismissal was not a disposition on the merits contemplated by Rule 504. The defendant neither pleaded nor answered ready for trial on his first appearance date. He only objected and announced his intent to move to dismiss due to the improper appearance date. Since the defendant neither sought a disposition on the merits nor subsequently filed a Rule 505 notice of intent to plead not guilty and/or demand a jury trial, the State neither refused to proceed nor denied the defendant a timely trial. A special and limited appearance does not meet the requirements of either Rule 504 or Rule 505. Hence, the dismissal of the defendant's citations was not a disposition on the merits that barred further prosecution." Rumler, 161 Ill.App.3d at 246, 113 Ill.Dec. 15, 514 N.E.2d at 798-99.
While the previous version of Rule 504 provided that an accused who appears and pleads not guilty to an alleged traffic offense should be granted a trial on the merits on the appearance date set by the arresting officer, the current version of Rule 504 conditions this policy on two factors: (1) that the offense be one punishable by a fine only, and (2) that the "arresting agency" be exempt from Rule 505. 166 Ill.2d R. 504. Our supreme court in People v. Norris, 214 Ill.2d 92, 291 Ill.Dec. 629, 824 N.E.2d 205 (2005), reaffirmed this policy by "stress[ing] that nowhere in either Rule 504 or Rule 505 is a trial on the merits absolutely guaranteed on the first appearance date." Norris, 214 Ill.2d at 102, 291 Ill.Dec. 629, 824 N.E.2d at 212. The Norris court explained that "Rules *1020 504 and 505[are] the mere `policy' of [the] court and not * * * inexorable command[s]. Both rules allow for the trial judge to have complete discretion over what should occur in a particular case." People v. Norris, 214 Ill.2d at 103, 291 Ill.Dec. 629, 824 N.E.2d at 212. Consequently, the Norris court concluded that the State is allowed to nol-pros misdemeanor traffic offenses upon being denied a motion for continuance. People v. Norris, 214 Ill.2d at 104, 291 Ill.Dec. 629, 824 N.E.2d at 213. While the court did not examine the question of whether Rule 504 or 505 bars the refiling of the charges, the court did hold that "when a nolle prosequi is entered before jeopardy attaches, the State is entitled to refile the charges against the defendant." People v. Norris, 214 Ill.2d at 104, 291 Ill.Dec. 629, 824 N.E.2d at 213.
In the present case, defendant contends that she was ready to proceed to trial on her first appearance date and that the State's request for a hearing on her motion to dismiss constitutes a failure to prosecute its case. This argument, however, ignores the fact that defendant was not guaranteed a trial on the merits on her first appearance date under Rule 504 because a DUI is not punishable by fine only. See 166 Ill.2d R. 504; Norris, 214 Ill.2d at 102, 291 Ill.Dec. 629, 824 N.E.2d at 212. Instead, a first DUI is a Class A misdemeanor (625 ILCS 5/11-501(b-2) (West 2006)) punishable by up to a year in jail (730 ILCS 5/5-8-3 (West 2006)). While defendant calls our attention to the fact that she filed a demand for a jury trial and a demand for a speedy trial as evidence that she was prepared to proceed to trial, this alone does not guarantee defendant a trial on the merits on her first appearance date. Defendant filed her demand for a jury trial pursuant to Rule 505. "Rule 505 addresses setting an appearance date different from that initially required under Rule 504." People v. Norris, 214 Ill.2d at 99-100, 291 Ill.Dec. 629, 824 N.E.2d at 210. With respect to trials, Rule 505 requires that if a defendant demands a jury trial, "the trial shall be scheduled within a reasonable period." 166 Ill.2d R. 505. Specifically, Rule 505 states, in pertinent part:
"Upon timely receipt of notice that the accused intends to plead `not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 60 days after the original appearance date set by the arresting officer or the clerk of the circuit court, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled within a reasonable period." 166 Ill.2d R. 505.
In interpreting Rule 505, the Norris court stated:
"Rule 505 merely provides the procedure by which traffic defendants can schedule alternative first appearance dates. If that procedure is not followed, a defendant may be subjected to multiple appearances. As for trials by jury, the rule directs that such trials shall be scheduled within a reasonable period of time. The scheduling of the jury trial itself is a matter left to the discretion of the trial judge. The rule provides that this discretion may be limited by the choice of a defendant who files a speedy-trial demand, which means that the State must bring him or her to trial within 120 days if the defendant is in custody or within 160 days if the defendant is not in custody." Norris, 214 Ill.2d at 101, 291 Ill.Dec. 629, 824 N.E.2d at 211.
In light of the above authority, defendant was not guaranteed a trial on the merits on her first appearance date. Whether or not defendant was actually ready for trial does not change this fact. *1021 Thus, the State's request for a hearing on defendant's motion to dismiss did not deprive defendant of a timely trial. Moreover, we do not view the State's actions as constituting a failure to prosecute its case. While defendant did file a demand for a jury trial pursuant to Rule 505, defendant also simultaneously filed a motion to dismiss. The fact that the State requested a hearing on defendant's motion prior to trial does not support defendant's contention that the State refused to proceed or denied defendant a timely trial. Therefore, we find that the trial court's dismissal of the DUI charge was not a disposition on the merits that barred further prosecution.
In coming to this conclusion, we reject defendant's reliance upon People v. Nelson, 18 Ill.App.3d 628, 310 N.E.2d 174 (1974). Nelson was decided under the previous version of Rule 504, which provided that an accused who appears and pleads not guilty to an alleged traffic offense should be granted a trial on the merits on the appearance date set by the arresting officer. In Nelson, we found that the objective of the supreme court rules, as expressly stated in Rule 504 at the time (73 Ill.2d R. 504), was to provide a disposition on the merits. Nelson, 18 Ill.App.3d at 630, 310 N.E.2d at 177. Consequently, we held that "a mere dismissal of * * * [traffic violations], with the right of the State to reinstate them at some time subsequently, would not be a disposition `on the merit s' within the meaning of Rule 504. Such a disposition would be contrary to the public policy expressed in Supreme Court Rules." Nelson, 18 Ill.App.3d at 630, 310 N.E.2d at 177. Our reasoning in Nelson is no longer applicable in light of the current version of Rule 504 and the supreme court's holding in Norris that neither Rule 504 nor Rule 505 guarantees an accused a trial on the merits on the first appearance date. 166 Ill.2d Rs. 504, 505; People v. Norris, 214 Ill.2d at 102, 291 Ill.Dec. 629, 824 N.E.2d at 212.
While we believe that the authority discussed above requires us to find that the trial court's dismissal was not a disposition on the merits that barred further prosecution, we would be remiss if we did not point out that our disposition fails to give full effect to the principle of strict compliance with the mandatory nature of the supreme court rules. Our supreme court has expressly stated on numerous occasions that its rules "`are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written.'" Rodriguez v. Sheriff's Merit Comm'n, 218 Ill.2d 342, 353, 300 Ill.Dec. 121, 843 N.E.2d 379, 385 (2006), quoting Roth v. Illinois Farmers Insurance Co., 202 Ill.2d 490, 494, 270 Ill.Dec. 18, 782 N.E.2d 212, 215 (2002), quoting Bright v. Dicke, 166 Ill.2d 204, 210, 209 Ill.Dec. 735, 652 N.E.2d 275, 277-78 (1995). The present case presents us with a clear violation of Rule 504. Specifically, defendant's first appearance date was scheduled more than 60 days from her arrest and the State failed to present any evidence that a proper appearance date was impracticable. Seeing that the appropriate time period under Rule 504 has expired, there simply is no way to comply with the letter of Rule 504. Thus, it would appear dismissal with prejudice is the only remedy appropriate if we were to give full effect to the principle of strict compliance with the mandatory nature of the supreme court rules. However, the supreme court has informed us that Rule 504's time limitation is directory, not mandatory. Village of Park Forest v. Fagan, 64 Ill.2d 264, 268, 1 Ill.Dec. 59, 356 N.E.2d 59, 62 (1976). Moreover, the Norris court held that "Rules 504 and 505[are] the mere `policy' of [the] court and not * * * inexorable command[s]." People v. Norris, 214 Ill.2d at 103, 291 Ill.Dec. 629, *1022 824 N.E.2d at 212. While we are troubled by the fact that our disposition fails to give full effect to the principle of strict compliance with the mandatory nature of the supreme court rules, we believe the authority discussed above requires us to reverse the judgment of the trial court.
For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings.
Reversed and remanded.
HOLDRIDGE, J., concurs.
WRIGHT, J., specially concurs.

MODIFIED SPECIAL CONCUR
Justice WRIGHT specially concurring:
I specially concur because I believe that the trial court was without any authority to reverse its ruling more than 30 days after the entry of the March 14, 2008, order dismissing the case without prejudice. I would have reversed the trial court's June 2, 2008, ruling on this basis alone.
The State re-filed the charges, as authorized by the court's March 14, 2008, order. Thereafter, defendant filed a second motion to dismiss based on the same violation of Supreme Court Rule 504. However, this time the court dismissed the State's case with prejudice on June 2, 2008. The basis for the trial court's change of heart was an earlier "mischoice of words."
I believe the trial court was without authority to revisit, reopen, or even correct its own ruling regarding the State's compliance with Supreme Court Rule 504 (166 Ill.2d R. 504), an issue previously adjudicated. See People v. Williams, 138 Ill.2d 377, 390, 150 Ill.Dec. 498, 563 N.E.2d 385 (1990). I specially concur for the purpose of making it clear that I cannot condone the court's decision to substantially modify its order, more than 30 days after the "mischoice of words," without at the very least, an agreement by the parties allowing the court to correct its previous order.
That said, I find the majority's analysis is thorough and well written. Thus, without reservation, I agree with the majority's decision that the dismissal of the State's complaint without prejudice was the appropriate ruling based on a violation of Supreme Court Rule 504 (166 Ill.2d R. 504) as contained in this record and accordingly, the State is not barred from further prosecuting defendant. However, unlike the majority, I do not believe that this outcome fails to strictly apply the Supreme Court Rules when considered in light of the cases decided by our supreme court interpreting their own Supreme Court Rule 504.
For these reasons, I specially concur.