THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES ZIOBRO, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL LEMOINE, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT SHANAHAN, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TODD WAMBSGANSS, Defendant-Appellee.

Third District    Nos. 3—08—0770, 3—08—0771, 3—08—0793, 3—09—0071, 3—09—0072 cons.

Opinion filed January 13, 2010.—Rehearing denied February 10, 2010.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Thomas D. Arado (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ted P. Hammel (argued), and Sarah M. Vahey, both of Brumund, Jacobs, Hammel, Andreano & Davidson, LLC, of Joliet, and Kevin E. Cummings, of Law Office of Kevin E. Cummings, of New Lenox, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

Defendants Todd Wambsganss, James Ziobro, Michael Lemoine and Robert Shanahan were issued citations for driving under the

influence and other traffic violations.[1] The first appearance dates listed on their citations were beyond the prescribed period set forth in Supreme Court Rule 504 (166 Ill. 2d R. 504). At their first appearances, defendants filed motions to dismiss. The trial court granted the motions and dismissed the charges against defendants with prejudice. We affirm in part and reverse in part.

## WAMBSGANSS

On September 18, 2008, Todd Wambsganss was issued citations for driving under the influence (625 ILCS 5/11—501(a)(2) (West 2006)) and speeding (625 ILCS 5/11—601(b) (West 2006)). The first appearance date on his citations was November 20, 2008. On November 5, 2008, Wambsganss' attorney filed his appearance, a demand for speedy trial and a jury trial demand. The clerk of the court did not provide Wambsganss with a new appearance or trial date.[2]

On November 20, 2008, Wambsganss and his attorney appeared in court. Wambsganss entered a plea of not guilty and announced that he was "ready for trial." The prosecutor responded: "I would ask to pass the matter so I can get my witness here." When the case was recalled, the prosecutor asked for more time to find his witness. When the case was recalled again, the prosecutor explained: "Judge, this is a developing situation. We got a missed call, so let me just see what the trooper has to say." The court stated, "We have a judge available, you know." The prosecutor responded: "I'm not announcing ready for trial at this point."

Wambsganss then announced his intention to file a motion to dismiss pursuant to Supreme Court Rule 504. The court passed on the case one more time to allow the State additional time to obtain its witness. When the case was recalled, the prosecutor stated: "I cannot announce ready." The court set a hearing date for defendant's motion to dismiss.

On December 18, 2008, the trial court held a hearing on defendant's motion to dismiss. At the hearing, the State did not provide an explanation for why the officer did not set Wambganss' appearance date within the time constraints of Rule 504. After hearing arguments, the court ruled as follows:

---

[1]Defendants' cases have been consolidated for purposes of this appeal.

[2]It seems to be the policy in Will County that when defendants request a jury trial, they are not provided with a trial date. This policy appears to be in contravention of Supreme Court Rule 505 (166 Ill. 2d R. 505). Under Rule 505, the clerk is required to set a trial date if the defendant "notif[ies] the clerk of the court at least 10 days (excluding Saturdays, Sundays or holidays) before the date set for [his] first appearance" that he intends to plead not guilty or demand a jury trial. 166 Ill. 2d R. 505.

"[O]bviously the plain language of Rule 504 provides that the setting of a first appearance date outside of the prescribed period of 504, which is over 60 days, is excusable only upon evidence of the impracticability of setting the date within the prescribed period.

I heard no evidence of any impracticality of setting that date within the prescribed period. So by case law I think that it's necessary that I, I order the dismissal of this case.

I grant \*\*\* your motion."

Approximately two weeks later, the State filed a motion to clarify the court's December 18, 2008, order. According to the State, the original order was "not clear whether or not the dismissal was with prejudice or not." On January 7, 2009, the trial court entered an order clarifying that "the dismissal is with prejudice."

## ZIOBRO

On June 6, 2008, James Ziobro was issued citations for driving under the influence (625 ILCS 5/11—501(a)(1), (a)(2) (West 2006)), failure to reduce speed to avoid an accident (625 ILCS 5/11—601(a) (West 2006)), and operating an uninsured vehicle (625 ILCS 5/3—707 (West 2006)). The first appearance date on the citations was August 7, 2008. On July 23, 2008, Ziobro's attorney filed his appearance, a jury trial demand and a speedy trial demand. The clerk of the court did not provide Ziobro with a new hearing or trial date.

On August 7, Ziobro and his attorney appeared in court and announced "ready for trial." The State responded: "Judge, it's not been set for trial, so I can't take a position on this. I'm entitled to notice that a trial date has been set to get an opportunity to get my witnesses here." Ziobro then advised the court that he was filing a motion to dismiss pursuant to Supreme Court Rule 504. The trial court set Ziobro's motion for a hearing.

At the hearing on Ziobro's motion, the State did not argue that it was impracticable to set the first appearance date within 60 days. In ruling on the motion, the trial court stated:

"I will find that the first appearance was not within 60 days, it was 62 days, and I find there is no evidence that it was impractical [as] presented to the Court, so I find that Section 504 was violated and, therefore, I will grant the motion to dismiss by the defendant."

The trial court's dismissal was with prejudice.

## LEMOINE

On April 26, 2008, Michael Lemoine, a Louisiana resident, was issued citations for driving under the influence (625 ILCS 5/11—501(a)(2) (West 2006)) and improper lane usage (625 ILCS 5/11—709 (West 2006)). The first appearance date listed on his citations was

June 26, 2008. On June 11, 2008, Lemoine's attorney filed his appearance, a jury trial demand and a speedy trial demand. The clerk of the court did not provide Lemoine with a new appearance or trial date.

On June 26, 2008, Lemoine and his attorney appeared in court and announced, "we are ready for trial." The State did not announce ready for trial but informed the court that the case should be transferred to another judge in another courtroom. In front of the new judge, Lemoine entered his plea of not guilty and asked leave to file a motion to dismiss, arguing that the setting of his appearance date did not comply with Supreme Court Rule 504.

At the hearing on the motion to dismiss, the arresting officer testified that when he issued Lemoine's citations, he thought that the appearance date fell within the period required by Supreme Court Rule 504. The trial court granted Lemoine's motion to dismiss with prejudice. The State filed a motion to reconsider, which the trial court denied.

## SHANAHAN

On May 6, 2008, Robert Shanahan was issued citations for driving under the influence (625 ILCS 5/11—501(a)(2) (West 2006)), illegal screeching of tires (625 ILCS 5/11—505 (West 2006)), speeding (625 ILCS 5/11—601(b) (West 2006)) and failure to wear a seat belt (625 ILCS 5/12—603 (West 2006)). The first appearance date listed on his citations was July 10, 2008. On May 15, 2008, Shanahan's attorney filed his appearance and speedy trial demand. The clerk of the court did not provide Shanahan with a new appearance or trial date.

On July 10, Shanahan and his attorney appeared in court and sought leave to file a motion to dismiss pursuant to Supreme Court Rule 504. At the hearing on the motion, the State presented no evidence regarding the impracticability of setting the appearance date within 60 days of Shanahan's arrest. The trial court granted Shanahan's motion and dismissed the charges against him with prejudice. The State filed a motion to reconsider. The trial court denied the motion, stating, "They've got the Supreme Court Rule for a reason."

## ANALYSIS

■ Supreme Court Rules 504 and 505 provide a schedule for the State to try defendants charged with traffic offenses. See *People v. White*, 273 Ill. App. 3d 638, 639-40, 653 N.E.2d 426, 427 (1995). Rule 504 states:

> "The date set by the arresting officer or the clerk of the circuit court for an accused's first appearance in court shall be not less than 14 days but within 60 days after the date of the arrest, whenever practicable. It is the policy of this court that, if the ar-

resting agency has been exempted from the requirements of Rule 505, an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense punishable by fine only should be granted a trial on the merits on the appearance date or, if the accused demands a trial by jury, within a reasonable time thereafter." 166 Ill. 2d R. 504.

Rule 505 provides in pertinent part:

"When issuing a Uniform Citation and Complaint, a conservation complaint or a Notice to Appear in lieu of either, the officer shall also issue a written notice to the accused in substantially the following form:

### AVOID MULTIPLE COURT APPEARANCES

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 10 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.

Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 60 days after the original appearance date set by the arresting officer or the clerk of the circuit court, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled within a reasonable period. *** If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may be considered good cause for a continuance." 166 Ill. 2d R. 505.

The express purpose of Rules 504 and 505 is "to provide a defendant with an early hearing on the merits of his traffic offense and to avoid multiple court appearances, which eliminates undue hardship on the accused, law enforcement agencies and the courts." *People v. Williams*, 158 Ill. 2d 62, 68, 630 N.E.2d 824, 827 (1994). The rules are "intended for the convenience of traffic defendants, who often live a distance away, for the convenience and efficiency of law enforcement agencies; they are intended to preserve freshness of evidence and memory when a hearing on the merits takes place." *People v. Mears*, 84 Ill. App. 3d 265, 271-72, 405 N.E.2d 443, 448 (1980).

The supreme court has stated that "nowhere in either Rule 504 or Rule 505 is a trial on the merits absolutely guaranteed on the first ap-

pearance date." *People v. Norris*, 214 Ill. 2d 92, 102, 824 N.E.2d 205, 212 (2005). However, the rules "can, in some \*\*\* cases be used to accommodate the granting of a trial on that first appearance date." *Norris*, 214 Ill. 2d at 102, 824 N.E.2d at 212.

Pursuant to Rule 504, a defendant should be granted a hearing on his first appearance date if (i) he is charged with an offense punishable by fine only, and (ii) the arresting agency is exempt from Rule 505. *Norris*, 214 Ill. 2d at 99, 824 N.E.2d at 210. Rule 505 does not address first appearance dates but provides the procedure by which defendants can schedule "alternative first appearance dates." *Norris*, 214 Ill. 2d at 101, 824 N.E.2d at 211. When a defendant complies with Rule 505, by timely filing his notice of intent to plead not guilty and/or to demand a jury trial, he is entitled to a disposition on the merits on "the initial court date" (*People v. Baie*, 324 Ill. App. 3d 605, 611, 755 N.E.2d 1038, 1043 (2001)) or his "new trial date" (*People v. Rumler*, 161 Ill. App. 3d 244, 246, 514 N.E.2d 797, 798 (1987)). See also *Norris*, 214 Ill. 2d at 101, 824 N.E.2d at 211 (a defendant may be subjected to multiple appearances if he does not follow the procedure set forth in Rule 505).

■ Rules 504 and 505 "allow for the trial judge to have complete discretion over what should occur in a particular case." *Norris*, 214 Ill. 2d at 103, 824 N.E.2d at 212. If the arresting officer sets a first appearance date outside the period provided by the rule, the trial court is not required to dismiss the charge. *People v. Walter*, 335 Ill. App. 3d 171, 173, 779 N.E.2d 1151, 1152-53 (2002). "If the trial court determines that it was not impracticable to set the date within the rule's time limitation, the court's dismissal of charges will not be disturbed on review absent an abuse of discretion." *Walter*, 335 Ill. App. 3d at 174, 779 N.E.2d at 1153.

A trial court's discretion is not without limit. When a defendant is not entitled to a trial on the merits at his first appearance because he has not met the requirements of either Rule 504 or Rule 505, a trial court may not dismiss the charges against the defendant with prejudice. See *People v. Love*, 393 Ill. App. 3d 196, 199-204, 911 N.E.2d 1015, 1018-22 (2009). Additionally, when a defendant is entitled to a hearing on the merits but does not answer "ready for trial," a dismissal of the charges against defendant is not a disposition on the merits that bars further prosecution. See *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798. However, when a defendant is entitled to a trial on the merits and announces "ready for trial," the trial court must dismiss the charges against defendant if the State fails to proceed to trial. See *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798. "Dismissal for the State's failure to proceed is \*\*\* a final disposition

on the merits that bars further proceedings." *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798.

■ In the case of each of the defendants here, the arresting officers set the first appearance dates beyond the period allowed by Supreme Court Rule 504, and the State did not present any evidence that it was impracticable to comply with Supreme Court Rule 504's time limitations. Thus, the trial court's orders of dismissal were not an abuse of discretion. We must now determine if the trial court had authority to dismiss the charges against defendants with prejudice, thereby precluding the State from refiling the charges. See *Love*, 393 Ill. App. 3d at 200, 911 N.E.2d at 1018.

### Wambsganss, Ziobro and Lemoine

Wambsganss filed his jury trial demand 10 days before the first appearance date listed on his citation. At his first court date, Wambsganss appeared and announced "ready for trial." The State responded by asking for additional time to obtain its witness. After the court recalled the case several times and announced that a judge was available, the prosecutor conceded, "I cannot announce ready at this time." Wambsganss then filed a motion to dismiss. The trial court granted the motion and dismissed the charges against defendant with prejudice.

Ziobro and Lemoine filed their jury trial demands 11 days before the first appearance dates listed on their citations. At their first court dates, Ziobro and Lemoine appeared and announced "ready for trial." When the State refused to proceed, the defendants filed motions to dismiss, which the trial court granted, dismissing the charges against them with prejudice.

By filing jury trial demands at least 10 days before their first appearances, Wambsganss, Ziobro and Lemoine strictly complied with Supreme Court Rule 505. The clerk did not give them a trial date prior to their first appearance dates pursuant to Supreme Court Rule 505. As a result, Wambsganss, Ziobro and Lemoine appeared in court on the dates listed on their traffic citations. Because defendants followed the requirements of Supreme Court Rule 505, they were entitled to "avoid multiple court appearances" and have a disposition on the merits on their "initial court date." 166 Ill. 2d R. 505; *Baie*, 324 Ill. App. 3d at 611, 755 N.E.2d at 1043.

Wambsganss, Ziobro and Lemoine did not have a disposition on the merits on their appearance dates because the State failed to prosecute. Each defendant appeared at his first appearance date and announced "ready for trial"; the State was then required to proceed to trial. See *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798.

However, no trial took place. The State's failure to proceed constituted a failure to prosecute. See *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798. A failure to prosecute is a disposition on the merits that bars further proceedings. *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798. Thus, the trial court did not err in dismissing with prejudice the charges against Wambsganss, Ziobro and Lemoine.

The State argues that *Love* requires a different result here. However, the facts in this case are distinguishable from those in *Love*. Unlike the defendant in *Love*, who filed her jury trial demand just 4 days prior to her first appearance date, Wambsganss, Ziobro and Lemoine filed their jury trial demands 10 or more days before their first appearance dates, as required by Supreme Court Rule 505. Thus, they were entitled to "avoid multiple court appearances" and have a trial on the merits on their first appearance dates. See 166 Ill. 2d R. 505; *Baie*, 324 Ill. App. 3d at 612, 755 N.E.2d at 1044. In *Love*, on the other hand, the defendant did not file a timely jury demand and, thus, was not entitled to a trial on her first appearance. See *Norris*, 214 Ill. 2d at 101, 824 N.E.2d at 211.

Additionally, in *Love*, the defendant failed to establish that the State's actions constituted a failure to prosecute. Although Love argued that she was ready for trial and that the State failed to proceed, we found that when Love filed a motion to dismiss with her jury trial demand, the State's request for a hearing on the motion to dismiss prior to trial did not constitute a failure to proceed. See *Love*, 393 Ill. App. 3d at 202-03, 911 N.E.2d at 1021. In this case, Wambsgannss, Ziobro and Lemoine appeared in court on their first appearance dates and announced "ready for trial." When the State would not or could not proceed to trial, the defendants filed their motions to dismiss. Thus, the trial court properly dismissed the charges against Wambsganss, Ziobro and Lemoine based on the State's failure to prosecute. See *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798.

"[S]upreme court rules ' "are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." ' " *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 353, 843 N.E.2d 379, 385 (2006), quoting *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494, 782 N.E.2d 212, 215 (2002), quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995). Rule 504 expressly states that a first appearance must take place between 14 and 60 days after a citation is issued. 166 Ill. 2d R. 504. Rule 505 prescribes the procedure that a defendant must follow to "avoid multiple court appearances." 166 Ill. 2d R. 505. To give any meaning to the time limits set forth in Rule 504 and the instructions contained in Rule 505, a

trial court must have authority to dismiss a case when Rule 504's time limits are not followed and the defendant complies with Supreme Court Rule 505. To hold otherwise would be to render Rules 504 and 505 meaningless. This we refuse to do.

Moreover, our decision promotes the policy of Rules 504 and 505 to (1) provide defendants with an early hearing on the merits, (2) allow defendants to avoid multiple court appearances, and (3) preserve the freshness of evidence. See *Williams*, 158 Ill. 2d at 68, 630 N.E.2d at 827; *Mears*, 84 Ill. App. 3d at 270, 405 N.E.2d at 447. Requiring defendants to come to court multiple times even though they expressly follow the procedure set forth in Rule 505 would not only be contrary to the plain language of the rule but also contrary to its intent and purpose.

### Shanahan

Shanahan did not file a jury trial demand or not guilty plea prior to his first appearance date. He did not announce "ready for trial" at his first appearance. Rather, he appeared on his first appearance date and immediately sought permission to file a motion to dismiss. The trial court granted Shanahan's motion and dismissed the charges against him with prejudice.

Shanahan was not entitled to a trial on his first appearance under Rule 504 or 505 for two reasons. First, he did not file a notice of intent to plead not guilty at least 10 days before his first appearance, as required under Rule 505. See 166 Ill. 2d R. 505. Second, Rule 504 allows hearings on first appearance dates for "fine only" offenses. See 166 Ill. 2d R. 504. Because Shanahan was charged with DUI, which is not punishable by fine only, Rule 504 does not apply. See *Love*, 393 Ill. App. 3d at 202, 911 N.E.2d at 1020. Under either rule, Shanahan had no right to a hearing on his first appearance, and the trial court had no authority to dismiss the charges against him with prejudice. See *Love*, 393 Ill. App. 3d at 202-03, 911 N.E.2d at 1020-21.

Moreover, the State's actions did not constitute a failure to prosecute. Shanahan never announced that he was ready for trial; instead, he simply filed a motion to dismiss. Thus, the State did not fail to prosecute, and the trial court's dismissal was not a disposition on the merits that barred further prosecution. See *Love*, 393 Ill. App. 3d at 202-03, 911 N.E.2d at 1021; *Rumler*, 161 Ill. App. 3d at 246, 514 N.E.2d at 798. For these reasons, we reverse the trial court's order dismissing the charges against Shanahan with prejudice.

## CONCLUSION

The orders of the circuit court of Will County are affirmed in part and reversed in part.

Affirmed in part and reversed in part.

O'BRIEN, J., concurs.

JUSTICE SCHMIDT, concurring in part and dissenting in part:

### I. Shannahan

I concur in the judgment only of that portion of the majority opinion which reverses the trial court's dismissal with prejudice of the DUI charge against Shannahan.

### II. Wambsganss, Ziobro and Lemoine

With respect to the defendants' "fine only" offenses, I concede that the trial judge did have the discretion to dismiss the charges with prejudice. Further, I agree with the majority that the Will County clerk was not following the guidelines of Rule 505. 166 Ill. 2d R. 505. Once the defendants notified the clerk that they intended to plead not guilty within 10 days of their initial appearance date, the clerk should have scheduled a trial "within a reasonable period" in accordance with the rule. 166 Ill. 2d R. 505. However, the DUI charges, misdemeanors *at minimum*, should not have been dismissed with prejudice because the defendants were not entitled to a trial on the merits on the first appearance date.

I believe the majority's opinion flies in the face of the Illinois Supreme Court's decision in *People v. Norris*, 214 Ill. 2d 92 (2005). Although *Norris* dealt with slightly different facts than those before us, the court gave a thorough explanation of the application of Supreme Court Rules 504 and 505. 166 Ill. 2d Rs. 504, 505. The supreme court in *Norris* made it clear that a defendant charged with DUI is not guaranteed a trial on his first appearance date. The court "stress[ed] that nowhere in either Rule 504 or Rule 505 is a trial on the merits absolutely guaranteed on the first appearance date." *Norris*, 214 Ill. 2d at 102. Rule 504 encourages, in stating as policy only, that an accused pleading "not guilty" should receive a trial on that first appearance date only when: (1) the offense is punishable by fine only; and (2) the arresting agency be exempt from Rule 505. *Norris*, 214 Ill. 2d at 99. A charge of driving under the influence, at minimum, is a Class A misdemeanor and, therefore, not a "fine only" offense. 625 ILCS 5/11—501(c) (West 2006).

The majority relies heavily on the language of *People v. Rumler* in its opinion. *Rumler*, 161 Ill. App. 3d 244 (1987). I would submit that *Rumler* is no longer good law as applied to the issue before us. At the time *Rumler* was written, Rule 504 (166 Ill. 2d R. 504) allowed for a trial on the first appearance date in all traffic cases. Since then, Rule 504 has been rewritten to apply only to "fine only" offenses. 166 Ill. 2d R. 504.

The majority states, "when a defendant is entitled to a trial on the merits and announces 'ready for trial,' the trial court must dismiss the charges against defendant if the State fails to proceed to trial." 397 Ill. App. 3d at 837; *Rumler*, 161 Ill. App. 3d at 246. This is wrong on several fronts. As stated above, the supreme court made it clear that defendants were not entitled to a trial on the first appearance date. See *Norris*, 214 Ill. 2d at 99. Moreover, the majority goes a step further and holds that the dismissal with prejudice is mandatory. This holding is unsupported by the language of the rules and contradicts *Norris*.

Furthermore, the majority cites to the supreme court for the proposition that supreme court rules are not aspirational and that they are to be obeyed and enforced as written. 397 Ill. App. 3d at 839. However, the *Norris* court made it clear that Rules 504 and 505 are applied differently than the other supreme court rules when it stated, "what is being set in Rules 504 and 505 is the mere 'policy' of this court and not an inexorable command." *Norris*, 214 Ill. 2d at 103.

So, why are these charges dismissed with prejudice?

There was no violation of the double jeopardy clause. See Ill. Const. 1970, art. I, §10. The prohibition against double jeopardy protects against three different abuses: "(1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *People v. Sienkiewicz*, 208 Ill. 2d 1, 4, 802 N.E.2d 767, 770 (2003). Jeopardy attaches when the jury is empaneled and sworn. *People v. Henry*, 204 Ill. 2d 267, 283, 789 N.E.2d 274, 284 (2003). Here, defendants' cases were dismissed based on Supreme Court Rule 504. 166 Ill. 2d R. 504. Jeopardy had not attached.

There was no violation of the defendants' statutory right to a speedy trial. Each defendant demanded trial and the court heard his motion to dismiss no more than 45 days later. The Illinois Code of Criminal Procedure states:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody ***.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial ***." 725 ILCS 5/103—5(a), (b) (West 2008).

Wambsganss' motion to dismiss was heard 43 days after he demanded trial. Ziobro's motion was heard 30 days after he demanded trial. Lemoine's motion was heard 29 days after he demanded trial. So, why are these cases dismissed with prejudice? Because the majority, relying on *Rumler*, holds that the failure to give defendants a trial on their first appearance constituted "a failure to prosecute." 397 Ill. App. 3d at 839. While relying on the appellate court in *Rumler*, the majority ignores the supreme court in *Norris*.

Defendants' alleged behavior in these cases poses a serious risk to public safety and should not be treated lightly. It makes no sense to allow a dismissal with prejudice of these serious charges simply because they involve driving a car. A defendant charged with shoplifting a Snickers bar from the local "five and dime" would be afforded no such free pass. Run that one up the flagpole at the next town hall meeting. Demanding strict compliance with Rules 504 and 505 makes sense when dealing with petty offenses. It makes no sense when dealing with serious misdemeanors. The legislature's decreasing tolerance for impaired drivers is reflected in laws lowering the legal limit for a driver's blood-alcohol level (Pub. Act 90—43, eff. July 2, 1997 (amending 625 ILCS 5/1—203.1 (West 1996))), and increasing penalties for repeat offenders (Pub. Act 92—248, eff. August 3, 2001 (amending 625 ILCS 5/6—208.1 (West 2000))). Allowing for a dismissal with prejudice in these cases would seriously undermine this crucial public policy and defeat legislative efforts to keep our roads safe. Dismissing these cases with prejudice was an abuse of the trial court's discretion. For the foregoing reasons, I respectfully dissent.