THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JEROME SULLIVAN, Defendant-Appellee.

Third District   No. 3—89—0732

Opinion filed August 15, 1990.

Edward Burmila, State's Attorney, of Joliet (Gary F. Gnidovec and John
X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of coun-
sel), for the People.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for
appellee.

JUSTICE BARRY delivered the opinion of the court:
The trial court *sua sponte* dismissed a charge of aggravated bat-
tery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(a)) against the defendant,
Jerome Sullivan. The State appeals. We reverse.
The record reveals that the defendant was charged by information

with the offense of aggravated battery. In an unrelated case, the defendant was charged with unlawful possession of a controlled substance and unlawful possession of a controlled substance with intent to deliver. A negotiated plea agreement with respect to the unrelated charges was reached, and at the plea hearing on those charges the trial court inquired about the aggravated battery charge. Defense counsel informed the court that the victim wished to drop the charge and that the victim had informed the State's Attorney of his desire to do so. The State then told the court that as a matter of general policy it would not drop charges even when a victim no longer wished to pursue a matter. Since the State refused to drop the charge, defense counsel requested a trial date. The court subsequently set the trial for that afternoon.

Prior to the start of the trial, the State notified the court that since the case had only been set for a status hearing that morning, it had not anticipated such an early trial date and therefore had not subpoenaed the victim or notified the witnesses. The victim's brother then came forward and informed the court that the victim, who was the defendant's uncle, wanted the charge dropped against the defendant. He also stated that the victim had already returned to Ohio. He explained that his brother was a drifter and that in all probability he would not be returning to the area. Though defense counsel argued that the charge should therefore be dropped, the State maintained that it would not nol-pros the case until the victim was properly notified of the trial date.

The trial court concluded that in light of the fact that the victim wanted to drop the charge and was no longer in the State, and in the interest of judicial economy, the charge should be dismissed. It therefore dismissed the charge on its own motion.

The State argues on appeal that the trial court's *sua sponte* dismissal of the aggravated battery charge was improper. The defendant replies that the trial court's dismissal was realistic in light of the fact that the victim wanted the charges dropped and had left the State.

■■ ■ Initially, we note that a trial court may dismiss a criminal charge prior to trial only when presented with the grounds specifically set forth in section 114—1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)), or whenever there has been a clear denial of due process resulting in prejudice to the defendant. (*People v. Uplinger* (1976), 45 Ill. App. 3d 558, 359 N.E.2d 1052.) It is manifest that the court on its own motion, or on the motion of the defendant, has no power to dismiss criminal charges before trial in the absence of a supreme court rule, a statute, or a due pro-

cess violation. *People v. Schroeder* (1981), 102 Ill. App. 3d 133, 429 N.E.2d 573.

■■ In the instant case, the trial court dismissed the charge because the victim no longer wished to pursue the matter and it believed that it was a waste of judicial resources to allow the case to remain on its docket. Since neither of these reasons fell within the grounds set forth in section 114—1(a) and since no due process violation was involved, we find that the trial court was without authority to dismiss the aggravated battery charge.

Accordingly, we reverse the trial court's order dismissing the aggravated battery charge against the defendant. The court is ordered to reinstate the charge, and the cause is remanded for further proceedings consistent with this opinion.

The judgment of the circuit court of Will County is reversed and the cause is remanded.

Reversed and remanded.

SCOTT and STOUDER, JJ., concur.