(Nos. 97231, 97816 cons.—

(No. 97272.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT E. NORRIS *et al.*, Appellants.—
THE VILLAGE OF FRANKFORT, Appellant, v.
RUSSELL JOHNSON *et al.*, Appellees.

*Opinion filed January 21, 2005.*

Robert J. Agostinelli, Deputy Defender, and Santiago A. Durango, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Ottawa, for appellants.

Lisa Madigan, Attorney General, of Springfield, and Jeff Tomczak, State's Attorney, of Joliet (Gary Feinerman, Solicitor General, and Linda D. Woloshin and Colleen M. Griffin, Assistant Attorneys General, of Chicago, of counsel), for the People.

Eric P. Hanson, Sean D. Brady and James A. Murphy, of Mahoney, Silverman & Cross, Ltd., of Joliet, for appellant.

Michelle L. Moore, of Wheaton, for appellee Hall Hanes.

JUSTICE FREEMAN delivered the opinion of the court:

Each of the defendants in these consolidated appeals was charged with Class A misdemeanor traffic offenses. The State sought to nol-pros the charges, which the circuit court of Will County allowed. The State later re-

filed the charges against each defendant. Each defendant moved to dismiss the new charges, citing Supreme Court Rule 505 (166 Ill. 2d R. 505). In each case, the motion was granted, and an appeal followed. In *People v. Norris*, Nos. 3—02—0841, 3—02—0842, 3—02—0843, 3—02—0844, 3—02—0845, 3—02—0846, 3—02—0847, 3—02—0848, 3—02—0849, 3—02—0850, 3—02—0851, 3—02—0852, 3—02—0853, 3—02—0854, 3—02—0863, 3—02—0964, 3—02—0966, 3—02—0967, 3—02—0968, 3—02—0969 cons. (unpublished order under Supreme Court Rule 23), the appellate court reversed the dismissals. In *Village of Frankfort v. Johnson*, Nos. 3—02—0173, 3—02—0174, 3—02—0175, 3—02—0176, 3—02—0177, 3—02—0178 cons. (unpublished order under Supreme Court Rule 23), the appellate court affirmed the dismissals. We granted leave to appeal in both cases (177 Ill. 2d R. 315(a)) and ordered the causes to be consolidated.

## BACKGROUND

People v. Norris, Nos. 97231, 97816 cons.

In appeal Nos. 97231, 97816 cons., defendant Robert Norris and 18 other defendants were each charged by uniform traffic citation with either driving under the influence of alcohol (625 ILCS 5/11—501 (West 2000)) or driving while their licenses were suspended or revoked (625 ILCS 5/6—303 (West 2000)). None of the defendants filed a written notice of either an intention to plead not guilty or to request a jury trial, but each indicated at his initial appearances that he wanted a jury trial. The causes were continued for various pretrial proceedings. Thereafter, each defendant appeared on the date set for trial, only to have the State nol-pros the charges because the officer who issued the citation failed to appear. In four of the cases, the arresting officer had failed to appear on a prior occasion, and the circuit court had, at that time, granted the State a continuance. In the other

cases, the officer failed to appear at the first scheduled trial date. After the State obtained its *nolle prosequi* on the initial charges, the State subsequently recharged each defendant by information with the same offense or offenses. Each defendant then filed a motion to dismiss the new charges on the basis of Supreme Court Rule 505 (166 Ill. 2d R. 505), which the circuit court granted.

A divided appellate court reversed, holding that Rule 505, standing alone, does not explicitly require a trial on the merits at a defendant's first appearance. The court noted that while Supreme Court Rule 504 (166 Ill. 2d R. 504) requires a trial on the merits on defendant's first appearance, it does not mean that Rule 505 also so requires. The court further held that there was no justification for grafting the requirements of Rule 504 onto Rule 505.

Justice Holdridge specially concurred to point out that, in addition to reasons articulated in the majority opinion for finding Rule 505 inapplicable in this case, the right to counsel implicated by a misdemeanor charge "necessitates a pre-trial procedure different from that provided by Rule 505."

Justice Lytton filed a single-sentence dissent "on the basis of Justice McDade's analysis in her majority opinion in *Village of Frankfort v. Johnson*, 3—02—0173 (cons. w/ 174, 175, 176, 177, and 178) (2003)."

Village of Frankfort v. Johnson, No. 97272

In appeal No. 97272, the Village of Frankfort (Village) charged defendants Russell Johnson and Hall Hanes by uniform citation and complaint with various traffic violations. Each defendant appeared at his first scheduled court appearance and entered a plea of not guilty. Each defendant also demanded a jury trial. The circuit court entered a number of continuances for pretrial petitions and proceedings. In each case, a trial date of May 15, 2001, was set.

Before the date the trials were to begin, the Village sought continuances because the arresting officers in the cases were unavailable to testify. The circuit court denied the requests, and on the date of the trials, the Village sought to nol-pros the charges against each defendant, which the court allowed. Subsequently, the Village filed a new information against each defendant, alleging the same offenses. The defendants moved to dismiss the charges on the basis that the Village was barred by Rule 505 from reinstating the charges. The circuit court granted the motions.

A divided appellate court affirmed the dismissal. The court held that dismissal under these circumstances was proper because it "serves the essential purpose of Rule 505." The court interpreted Rule 505 as protecting defendants in traffic cases from multiple court appearances by ensuring a trial either at the first appearance or a reasonable time thereafter. The court noted that the plain language of the rule does not "clearly *rule out* a trial on the first appearance date. The defendant who fails to give prior notice to the clerk may waive his or her *right* to trial at that time, but the court is still given discretion by rule to proceed with trial at the first appearance." (Emphases in original.) The court acknowledged that Rule 505 was not "a model of clarity" despite various amendments, but insisted the Village's interpretation was not supported by "either the letter or the spirit of Rule 505."

Justice Slater dissented. In his view, Rule 505 did not grant a defendant the right to a decision on the merits on the first trial date. Justice Slater noted that the court had improperly grafted language from Rule 504 onto Rule 505.

## ANALYSIS

The Village and the State (jointly, the State) argue that Rules 504 and 505 (166 Ill. 2d Rs. 504, 505) are

inapplicable in these cases because the defendants were not charged with petty or business offenses, as opposed to misdemeanor, traffic offenses. Defendants counter that the rules are applicable insofar as they were charged with traffic offenses by use of a uniform traffic citation. Not surprisingly, defendants urge that the appellate court in *Frankfort* correctly interpreted Rule 505 while the State maintains that the appellate court's analysis in *Norris* is more correct.

Our rules are to be construed in the same manner as statutes (134 Ill. 2d R. 2; *People v. Fitzgibbbon*, 184 Ill. 2d 320, 328 (1998); see also *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 48 (2004) (setting out rules of construction)), and our review is *de novo* (*People v. Drum*, 194 Ill. 2d 485, 488 (2000)).

We note, at the outset of our discussion, that Rules 504 and 505 have been amended several times since their 1968 effective date, with the latest amendment occurring in May 1995. In light of the numerous amendments to the rules, we agree with both panels of the appellate court that past decisions addressing previous versions of these rules provide very little guidance in addressing the issue before the court.

Rule 504 applies to all traffic offenses defined by Supreme Court Rule 501.[1] Rule 505 applies only to Rule 501 traffic offenses that are charged by a "Uniform Citation and Complaint," a conservation complaint or a "Notice to Appear" in lieu of either. Rule 504, entitled "Appearance Date," provides:

---

[1]Rule 501(f) defines "traffic offense" as "[a]ny case which charges a violation of any statute, ordinance or regulation relating to the operation or use of motor vehicles, the use of streets and highways by pedestrians or the operation of any other wheeled or tracked vehicle, including cases charging violations under chapter 6 of the Illinois Vehicle Code, as amended." 166 Ill. 2d R. 501(f). The rule provides for six exclusions, all of which concern felony traffic offenses.

"The date set by the arresting officer or the clerk of the circuit court for an accused's first appearance in court shall not be less than 14 days but within 60 days after the date of the arrest, whenever practicable. It is the policy of this court that, if the arresting agency has been exempted from the requirements of Rule 505, an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense punishable by fine only should be granted a trial on the merits on the appearance date or, if the accused demands a trial by jury, within a reasonable time thereafter. A failure to appear on the first appearance date by an arresting officer shall, in and of itself, not normally be considered good cause for a continuance." 166 Ill. 2d R. 504.

Rule 505, entitled "Notice to Accused," provides:

"When issuing a Uniform Citation and Complaint, a conservation complaint or a Notice to Appear in lieu of either, the officer shall also issue a written notice to the accused in substantially the following form:

AVOID MULTIPLE COURT APPEARANCES

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 10 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.

Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 60 days after the original appearance date set by the arresting officer or the clerk of the circuit court, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled within a reasonable period. In order to invoke the right to a speedy trial, the accused if not in custody must file an appropriate, separate demand, as provided in section 103—5 of the Code

of Criminal Procedure of 1963, as amended (725 ILCS 5/103—5). The proper prosecuting attorney shall be served with such separate written demand for speedy trial. If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may be considered good cause for a continuance. Any state agency or any unit of local government desiring to be exempt from the requirements of this Rule 505 may apply to the Conference of Chief Circuit Judges for an exemption." 166 Ill. 2d R. 505.[2]

Rule 504 requires "the arresting officer" or "the clerk of the circuit court" to set a first appearance date "not less than 14 days but within 60 days" after the ticket is issued. With respect to trials, the rule encourages, in stating as policy only, that an accused pleading "not guilty" should receive a trial on that first appearance date in some situations. The rule conditions the policy on two factors: (i) that the offense be one punishable by a fine only, and (ii) that the "arresting agency" be exempt from Rule 505.

Rule 505 addresses setting an appearance date differ-

---

[2] Section 16—106 of the Illinois Vehicle Code provides that a similar notice to "AVOID MULTIPLE COURT APPEARANCES" as is found in Rule 505 shall be given when traffic tickets or citations or notices to appear are issued "[f]or offenses committed under the provisions of this Act or the ordinances of any municipality, park district or county which involve the regulation of the ownership, use or operation of vehicles [by] the police officers and officials of such municipalities and park districts, and sheriffs *** in counties other than Cook." 625 ILCS 5/16—106 (West 2000). The only material difference between the two notice provisions is that section 16—106 requires a defendant to give notice at least 5 days before the date set for the original appearance date and that upon timely notice, the clerk set the new date not less than 7 days nor more than 49 days after the original appearance date set by the officer. This appears to be a reference to an earlier version of Rule 505, which provided for the same time periods. The remainder of the language of the notice provision is the same as that currently found in Rule 505.

ent from that initially required under Rule 504. By its terms, Rule 505 operates in three mutually exclusive situations: (i) cases, such as those involved here, that are initiated upon "Uniform Citation[s] and Complaint[s],"[3] (ii) cases initiated upon "conservation complaint[s]," and (iii) cases initiated upon "Notice[s] to Appear in lieu of either" uniform citations or conservation complaints. In these three situations, defendants who intend to plead "not guilty," or in addition "intend to demand a jury trial," are directed to so notify the clerk of the court at least 10 days before the appearance date initially set under Rule 504. Upon receipt of such notice, Rule 505 directs the clerk to set a new date "not less than 7 days nor more than 60 days" after the original date set required by Rule 504 and to notify all parties of the new date and time. The rule further provides that if a defendant "fails to notify the clerk as provided *** the arresting officer's failure to appear on the date originally set for appearance "may be considered good cause for a continuance."

Rule 505 has dual goals. As the committee comments to the rule make clear, it was drafted so as to accommodate "the unique situation" of "statewide jurisdiction" by the Illinois State Police. ILCS Ann. R. 505, Committee Comments, at 518 (Smith-Hurd 2004). The rule also reflects a policy, as acknowledged by this court, of "provid[ing] a defendant with an early hearing on the merits of his traffic offense and to avoid multiple court appearances, which eliminates undue hardship on the accused, law enforcement agencies and the courts." *People v. Williams*, 158 Ill. 2d 62, 68 (1994).

---

[3]Supreme Court Rule 552 provides for uniform citation and complaint forms to be approved by the Conference of Chief Circuit Judges and adopted for use by municipalities. 134 Ill. 2d R. 552. Rule 505 does not operate for municipal offenses that are not initiated by uniform citation and complaint forms.

With respect to trials, Rule 505 requires that if a defendant demands a jury trial, "the trial shall be scheduled within a reasonable period." The rule also references the speedy-trial provisions contained in the Code of Criminal Procedure of 1963 (725 ILCS 5/103—5 (West 2000)) and requires a defendant who seeks to invoke the right to a speedy trial to file an appropriate separate demand. Rule 505 does not change a traffic defendant's right to have a jury trial commenced within the time frames provided in the statute. See 725 ILCS 5/103—5 (West 2000).[4]

Both panels of the appellate court in these cases focused on whether Rule 505 grants defendants the right to a trial on the merits on the first trial date set by the court. As we have explained, however, Rule 505 does not speak in such terms. Rule 505 merely provides the procedure by which traffic defendants can schedule alternative first appearance dates. If that procedure is not followed, a defendant may be subjected to multiple appearances. As for trials by jury, the rule directs that such trials shall be scheduled within a reasonable period of time. The scheduling of the jury trial itself is a matter left to the discretion of the trial judge. The rule provides that this discretion may be limited by the choice of a defendant who files a speedy-trial demand, which means that the State must bring him or her to trial within 120 days if the defendant is in custody or within 160 days if the defendant is not in custody.

In addressing one of the motions to dismiss filed in this case, the circuit court entered a written decision in which it stated the following:

"Although Rule 505 does not contain the disposition on the merits language contained in Rule 504, an interpreta-

---

[4]The record contains demands for trial under the Speedy Trial Act filed by some, but not all, of the defendants involved in these cases.

tion of the rule which made the requirement defendant receive a jury trial within a reasonable period of time directory rather than mandatory would nullify the rule. \*\*\* The reasonable standard allows trial judges in the various circuits to deal with the logistical problems created by a jury demand. \*\*\* The reasonable period also allows the trial judge to take into account problems unique to a particular case. But the exercise of discretion must always take place within the stated purpose of the rule: to avoid multiple court appearances and to afford the defendant a trial at the earliest reasonable date. Once that date is set, unless the case is continued by the court for good cause, the defendant is entitled to his trial or a dismissal of the case and any subsequent refiling of the case."[5]

In the cases involved here, the trial dates were pushed back due to extensive pretrial litigation, resulting in the defendants having had to appear multiple times in court. This is not unusual, particularly in DUI cases. It is also not unusual for DUI trials to be complex, oftentimes requiring more than the testimony of a single eyewitness. In such cases, it is common to have witnesses testify as to chemical tests, toxicology reports, and medical examinations. Thus, while our policy may be one of avoiding multiple appearances for defendants, the complexity of a case may render that goal unattainable in a practical sense. It is important to keep in mind that Rules 504 and 505 concern the setting of first appearance dates and can, in some, but not all, cases be used to accommodate the granting of a trial on that first appearance date. But, we must stress that nowhere in either Rule 504 or Rule 505 is a trial on the merits absolutely guaranteed on the first appearance date. Even the language contained in Rule 504 that addresses the more routine, fine-only of-

---

[5]This written order was incorporated by reference in the orders of dismissal concerning the defendants involved in the Norris appeal, Nos. 97231, 97816 cons. The orders of dismissal in the Frankfort appeal, No. 97272, dismissed the actions without comment.

fenses is couched in terms of "should" as opposed to "shall," thereby connoting something less than an absolute mandatory obligation. Rule 504 further provides that an arresting officer's failure to appear on the first appearance date shall not "normally" be considered good cause for a continuance. The word "normally" conditions the "shall not" phrase, thereby indicating that, in some cases, such a failure to appear may, in fact, be considered good cause for a continuance. Thus, it is entirely possible under Rule 504 that, in some circumstances, a trial judge may deem an officer's failure to appear on the first appearance as good cause for a continuance in even the routine, fine-only offenses. Of course, in such a case, it would then be impossible for the defendant to receive a trial on the merits on the first appearance date under Rule 504. The use of such conditional language, as opposed to more absolute expressions of intent, reinforces the notion that what is being set in Rules 504 and 505 is the mere "policy" of this court and not an inexorable command. Both rules allow for the trial judge to have complete discretion over what should occur in a particular case. Therefore, we believe that if, as Rule 504 explicitly provides, the trial judge may deem an officer's failure to appear on the first appearance date set for fine-only cases as good cause for a continuance, then likewise the same discretion must be afforded to trial judges in the more severe cases such as the Class A misdemeanors involved here.

The record does not reveal, in all of the cases, what reasons were offered by the State in the motion to continue and under what circumstances the trial judges denied the motions.[6] To the extent that any of the

---

[6]The record before us does not contain the record and transcripts from the initial proceedings which ended with the entry of the State's *nolle prosequi*. The record contains both the common law record and the transcripts from the proceedings which were commenced upon the State's refiling of the charges.

continuance motions were denied solely because the judges felt they did not have the discretion to do anything else, we hold that such a decision was erroneous. Rule 505 in no way so limits a trial judge's discretion.

Once the trial judges denied the State's motions for continuances in these cases, the State moved to nol-pros the charges against each defendant and, subsequently, refiled the new charges against each defendant. Defendants moved to dismiss the new charges on the basis of Rule 505. Having explained the function of Rule 505, we believe the relevant issue in this case is not whether Rule 505 bars the refiling, but whether the State had the right to refile the charges under these circumstances.

A *nolle prosequi* is the formal entry of record by the prosecuting attorney which denotes that he or she is unwilling to prosecute a case. 21 Am. Jur. 2d *Criminal Law* § 770 (1981). This court has recognized:

> " 'A *nolle prosequi* is not a final disposition of the case, and will not bar another prosecution for the same offense. It is not an acquittal, but it is like a nonsuit or a discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution.' [Citation.] Again, it has been said that the ordinary effect of a *nolle prosequi* is to terminate the charge to which it is entered and to permit the defendant to go wherever he pleases, without entering into a recognizance to appear at any other time. If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense." *People v. Watson*, 394 Ill. 177, 179 (1946).

Thus, when a *nolle prosequi* is entered before jeopardy attaches, the State is entitled to refile the charges against the defendant. *Watson*, 394 Ill. at 179. The State is not barred from proceeding upon a refiled charge "absent a showing of harassment, bad faith, or fundamental unfairness." *People v. DeBlieck*, 181 Ill. App. 3d 600, 606 (1989) (and cases cited therein).

A trial judge has the discretion to continue a case as

he or she deems is appropriate, taking into account the diligence of the parties and whether the continuance best serves the ends of justice, and that decision will not be disturbed upon review absent abuse. See *People v. Williams*, 92 Ill. 2d 109 (1982); *Leathers v. Leathers*, 13 Ill. 2d 348 (1958). Not even a defendant's speedy-trial demand prevents a trial judge from granting the State a continuance if the judge believes that good cause exists for it. Rule 505 does not alter that discretion. Without a record or a transcript, it cannot be known whether the State's motions for continuances might have been granted if the trial judges knew that Rule 505 does not mandate a trial on the first appearance date. For these reasons, we believe it necessary to remand the matters to the circuit court so that each case can be individually addressed with a complete record of the underlying proceedings. It may be that, in some of these cases, the defendants may be able to show harassment, bad faith, or fundamental unfairness on the part of the State in the refiling of the charges. Given our conclusions regarding the scope of Rule 505, we are of the view that such a disposition protects the rights of both the State and the defendants under these unusual circumstances.

## CONCLUSION

For reasons expressed in this opinion, the judgment of the appellate court in Nos. 97231, 97816 cons., is affirmed, and the judgment of the appellate court in No. 97272 is reversed. The causes are remanded to the circuit court for further proceedings consonant with this opinion.

*Nos. 97231, 97816 cons.—Appellate court affirmed;*
*causes remanded.*
*No. 97272—Appellate court reversed;*
*causes remanded.*

JUSTICE KARMEIER took no part in the consideration or decision of this case.