THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOOLA
O. TAYLOR, SR., Defendant-Appellant.

Third District   No. 3—08—0506

Opinion filed January 13, 2010.

E. Joyce Randolph and Dan W. Evers, both of State Appellate Defender's
Office, of Mt. Vernon, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Terry A. Mertel and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

In a three-count indictment, the State alleged that the defendant, Toola O. Taylor, Sr., committed criminal offenses on July 18, 2006. Count I claimed that the defendant committed aggravated criminal sexual assault, while armed with a firearm (720 ILCS 5/12—14(a)(8) (West 2006)). In count II, the State charged him with aggravated criminal sexual assault, by "DISPLAY[ING] OR THREATEN[ING] TO USE A DANGEROUS WEAPON OR AN OBJECT FASHIONED OR UTILIZED IN SUCH A MANNER AS TO LEAD THE VICTIM UNDER THE CIRCUMSTANCES TO REASONABLY BELIEVE IT TO BE A DANGEROUS WEAPON" (720 ILCS 5/12—14(a)(1) (West 2006)).[1] We note, however, that the language in count II did not track the language of section 12—14(a)(1) of the Criminal Code of 1961 (Code) that was applicable in 2006 when the crime was committed. In 2000, Public Act 91—404 (Pub. Act 91—404, eff. January 1, 2000), had inserted the phrase "other than a firearm" after the first use of the term "dangerous weapon" in section 12—14(a)(1). Public Act 91—404 also added, among other things, section 12—14(a)(8), regarding aggravated criminal sexual assault with a firearm. Additionally, count III of the indictment charged the defendant with simple criminal sexual assault (720 ILCS 5/12—13(a)(1) (West 2006)).

Before the jurors began their deliberations, the court gave them, among other instructions, an outdated instruction for count II, which did not specify that the dangerous weapon was to be one other than a firearm.

The jury found that the defendant had committed both criminal sexual assault and aggravated criminal sexual assault, as charged in count II. Additionally, pursuant to a special verdict form, the jury found that the defendant had not committed aggravated criminal sexual assault while armed with a firearm. The court sentenced the defendant to 32 years of imprisonment, based on count II alone.

On appeal, the defendant argues that, regarding count II: (1) it was plain error for the court to fail to instruct the jury that the dangerous weapon was to be one other than a firearm; (2) his attorney

_____

[1]For the sake of clarity, we observe that our citation, as always, is to the version of the subsection of the statute that was applicable at the time of the offense, rather than to the language employed by the State in its indictment.

provided ineffective assistance by failing to object to the improper jury instruction; and (3) the State did not prove the elements of the offense beyond a reasonable doubt. We affirm.

## I. BACKGROUND

At the trial, the victim, C.H., testified that in the early morning hours of the date in question, she was sitting on the front porch of her sister's residence. She said that the defendant approached her from her right side, told her to "shut up" and put a gun to her head. He then put his hand over her mouth and led her across the street to a field behind her sister's house. C.H. stated that the defendant took her behind a garage, where he raped her. After the defendant finished the assault, he told C.H. to walk away slowly and not to look back or he would shoot her. When C.H. looked back at him, he shot the gun once into the air. On cross-examination, C.H. acknowledged that she did not know if a bullet came out of the gun when the defendant fired it. She also admitted that she did not know whether the gun was a starter pistol or a "blank gun." At the trial, police officers testified that they did not find a bullet casing at the crime scene.

After the assault, C.H. ran to a nearby house. A resident of the house, Larry Johnson, testified that when C.H. came to the door, she told him that she had been raped. Johnson said that C.H. was "pretty upset" and her clothing looked as though she had been in a "scuffle." Police officers who interviewed C.H. after the assault said that she was crying uncontrollably and appeared to be distraught.

C.H. was transported to a hospital, where she was examined by medical personnel. The State submitted evidence showing that a swab from C.H.'s vagina produced deoxyribonucleic acid (DNA) that matched the defendant's DNA.

A police officer testified that on August 3, 2006, C.H. did not identify the defendant in a photo array. However, she did identify the defendant as her assailant in a photo array on July 9, 2007. C.H. also identified the defendant at trial.

The defendant testified that he did not rape C.H. but, rather, that they had consensual sex. In his closing argument, defense counsel contended, among other things, that because there was no evidence that the defendant's gun was capable of firing a projectile, the gun did not meet the definition of a firearm.

After the closing arguments, the judge gave instructions to the jury. Defense counsel did not object to the instructions concerning count II. Regarding count II, the judge said the following:

> "A person commits the offense of aggravated criminal sexual assault when he commits criminal sexual assault and displays or

threatens to use a dangerous weapon or any object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it was to be a dangerous weapon.

To sustain the charge of aggravated criminal sexual assault[,] the State must prove the following propositions: First, that the Defendant committed an act of sexual penetration upon [C.H.]; and second, that the act was committed by the use of force or threat of force, and that [C.H.] did not consent to the act of sexual penetration; and third, that the Defendant displayed or threatened to use a dangerous weapon or any object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon."

Additionally, the court gave the jury an instruction defining a firearm as "any device *** which is designed to expel a projectile or projectiles by the action of an explosion, an expansion of gas or escape of gas."

The judge gave the jury four verdict forms, which stated that the defendant was: (1) guilty of criminal sexual assault; (2) not guilty of criminal sexual assault; (3) guilty of aggravated criminal sexual assault; and (4) not guilty of aggravated criminal sexual assault. Additionally, the judge instructed the jurors that if they found the defendant guilty of aggravated criminal sexual assault, they also were to determine whether he committed the offense while armed with a firearm. Accordingly, the jurors were given two special verdict forms, which stated that the defendant: (1) was armed with a firearm; and (2) was not armed with a firearm. The jurors signed the verdict forms finding that the defendant: (1) was guilty of criminal sexual assault; (2) was guilty of aggravated criminal sexual assault; and (3) was not armed with a firearm.

The defendant filed an amended motion for a new trial, which the court denied. The court then sentenced the defendant only with regard to count II. The court also denied the defendant's motion for reconsideration of the sentence. The defendant did not raise, in either of his posttrial motions, an objection to the court's jury instruction for count II. The defendant appealed.

## II. ANALYSIS

### A. Jury Instruction

The defendant contends that the court erred by giving the outdated jury instruction for count II, which did not state that the dangerous weapon was to be one other than a firearm. The defendant acknowledges that he did not preserve this issue for appeal by both objecting at trial and by raising the question in a posttrial motion. Therefore, he asks us to review this issue for plain error.

The plain error doctrine allows a reviewing court to consider an unpreserved error when either: (1) the evidence was closely balanced; or (2) the error was so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Lewis*, 234 Ill. 2d 32, 912 N.E.2d 1220 (2009).

■ In this case, the defendant was convicted and sentenced under section 12—14(a)(1) of the Code, which states that a person commits aggravated criminal sexual assault if he commits criminal sexual assault while "display[ing], threaten[ing] to use, or us[ing] a dangerous weapon, other than a firearm, or any object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon." 720 ILCS 5/12—14(a)(1) (West 2006). The record shows that the court gave the jury an instruction regarding the offense that did not include the phrase "other than a firearm." Thus, the court erred in giving this improper instruction.

However, the evidence in this case was not closely balanced. The victim's testimony concerning the assault, combined with the testimony of those who spoke with her after the incident, was not counterbalanced by the defendant's testimony that the encounter was consensual. Furthermore, this error was not so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. Therefore, we hold that the trial court did not commit plain error by giving an improper jury instruction regarding count II.

## B. Ineffective Assistance

The defendant submits that his trial attorney provided ineffective assistance by failing to object to the jury instruction regarding count II.

Ineffective assistance of counsel claims are analyzed under a two-prong test, in which the defendant must prove both that: (1) his trial attorney's performance fell below an objective standard of reasonableness; and (2) this substandard performance was so prejudicial that there was a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *People v. Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984).

■ In the instant case, the performance of the defendant's trial attorney fell below an objective standard of reasonableness by failing to object to the improper jury instruction for count II. However, because the evidence against the defendant was overwhelming, the attorney's failure to object was not so prejudicial that there was a reasonable

probability that the outcome of the trial would have been different. Consequently, we rule that the defendant's trial counsel did not provide ineffective assistance.

## C. Reasonable Doubt

The defendant argues that the State failed to prove the elements of count II beyond a reasonable doubt. Specifically, he contends that the evidence did not show that the defendant displayed, threatened to use, or used a dangerous weapon other than a firearm.

When a criminal defendant challenges the sufficiency of the evidence, a reviewing court's inquiry concerns whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the elements of the offense beyond a reasonable doubt. *People v. Davison*, 233 Ill. 2d 30, 906 N.E.2d 545 (2009).

Again, we note that the statute in question says that a person commits aggravated criminal sexual assault if he commits criminal sexual assault while "display[ing], threaten[ing] to use, or us[ing] a dangerous weapon, other than a firearm, or any object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon." 720 ILCS 5/12—14(a)(1) (West 2006).

■ In the present case, the defendant appears to have misread the statute in question. Under section 12—14(a)(1), there are two ways that a person may be found guilty of aggravated criminal sexual assault, which are separated by the disjunctive "or." The first way is if the person displayed, threatened to use, or used a dangerous weapon, other than a firearm. The second way is if the person displayed, threatened to use, or used an object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon. This second way only requires that the victim reasonably believe that the object was a dangerous weapon. The second way does not require that the victim reasonably believe that the object was a dangerous weapon, other than a firearm. See 720 ILCS 5/12—14(a)(1) (West 2006).

In this case, after taking the evidence in the light most favorable to the prosecution, a rational jury could have found that the State proved the second set of circumstances under section 12—14(a)(1) by which a person may be found guilty of committing aggravated criminal sexual assault. In the present case, a reasonable jury could have found that the defendant utilized an object, which looked like a handgun and made a sound like a handgun, in such a manner as to lead C.H., under the circumstances, reasonably to believe that it was a handgun, regard-

less of whether it was actually capable of firing a projectile. Under this second way listed in the statute, the State was not required to prove either that the dangerous weapon was not a firearm or that the defendant led C.H. reasonably to believe that it was not a firearm. Therefore, we hold that the State did not fail to prove the elements of aggravated criminal sexual assault beyond a reasonable doubt.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the Peoria County circuit court.

Affirmed.

CARTER, J., concurs.

JUSTICE WRIGHT, specially concurring:

For the reasons set forth in the discussion below, I specially concur in the result reached by the majority. At the onset, I emphasize that defendant challenges only the accuracy of the jury instructions regarding the offense of aggravated criminal sexual assault rather than contesting the sufficiency of the charging instrument in the case at bar. With this observation in mind, I note that it is difficult to substantively consider any instructional error without preliminarily reviewing the charges contained in the indictment in this case.

For purposes of this appeal, a brief history of the aggravated criminal sexual assault statute cannot be avoided. As part of Public Act 91—404 (Pub. Act 91—404, §5, eff. January 1, 2000), the legislators redefined the elements of aggravated criminal sexual assault formally codified under section 12—14(a)(1) of the Code by specifically *excluding* a firearm from consideration as a dangerous weapon under the new, revised section 12—14(a)(1) of the Code and then adding a 10-year enhancement to any sentence based on a violation of this subsection. Additionally, after eliminating a firearm from consideration under section 12—14(a)(1), the newly created provisions of section 12—14(a)(8) provided for an even greater enhanced sentence of 15 years for criminal sexual assaults involving a firearm.

Turning to the indictment in the case at bar, in count I, the State charged this defendant with the newly codified but enhanced category of aggravated criminal sexual assault committed by use of a firearm under section 12—14(a)(8). 720 ILCS 5/12—14(a)(8) (West 2006). As to count II, the State inexplicably reverted to the outdated 1998 language when indicting defendant for a violation of section 12—14(a)(1). 720 ILCS 5/12—14(a)(1) (West 1998).

The parties agree that the jury instructions in this case, corresponding to the issues set out in count II of the indictment, were erroneously based on outdated language. The State urges this court to consider the cumulative information provided by all of the jury instructions to defeat plain error.

Following the State's suggestion, I carefully reviewed every instruction provided to the jury as well as the verdict forms the jury received. After doing so, I discovered that in spite of the two separate counts of aggravated criminal sexual assault contained in the indictment, the jury received only one issues instruction with regard to the elements set out in count II.[2] In other words, the jury did not receive a specific issues instruction for the charges set out in count I based on the violation of section 12—14(a)(8).

As to the only issues instruction the jury received, State's instruction No. 16 attempted to outline the issues for a violation of section 12—14(a)(1) contained in count II, but was inaccurate. The inaccuracy involved the third proposition in State's instruction No. 16, which mirrors the outdated language of the indictment verbatim and appears to be based on the former version of section 12—14(a)(1). 720 ILCS 5/12—14(a)(1) (West 1998). This instruction directed the jury to consider whether:

> "[T]he defendant displayed or threatened to use a dangerous weapon *or* an object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon." (Emphasis added.)

Consequently, I begin by considering the first prong of plain error to determine whether this defendant suffered any actual prejudice based on the singular issues instruction, State's Instruction No. 16, and conclude that he did not.

## Plain Error—First Prong

Although error occurred, the evidence was not closely balanced. The majority points out that the jury found beyond a reasonable doubt that the use of a firearm was *not* established by the State's evidence. This finding, requested for purposes of sentencing defendant in this case, fortuitously avoided any potential prejudicial impact which might have been created by the inaccurate statement of the law contained in the issues instruction regarding count II, State's instruction No. 16. In my view, the jury's evaluation of the evidence negated the inac-

---

[2]The State did prepare and the jury did receive a separate instruction for purposes of the enhanced sentence, State's instruction No. 19, requesting the jury to determine whether a firearm was used during the "Aggravated Criminal Sexual Assault."

curate and outdated language in State's instruction No. 16 by excluding the use of a firearm from its consideration based upon the evidence. Consequently, the absence of an accurate statement of the law as to count II did not tip the scales of justice against this defendant.

Therefore, I agree with the majority's conclusion that the first prong of plain error has not been established with regard to a violation of section 12—14(a)(1) as detailed in count II of the indictment.

## Plain Error—Second Prong

Under the second prong, "[p]rejudice to the defendant is presumed because of the importance of the right involved, *'regardless* of the strength of the evidence.' " (Emphasis in original.) *People v. Herron*, 215 Ill. 2d 167, 187 (2005), quoting *People v. Blue*, 189 Ill. 2d 99, 138 (2000). It must be remembered that the second prong of the plain error analysis does not require defendant to demonstrate actual prejudice.

Generally speaking, a firearm is a dangerous weapon. Thus, based on the outdated language of the single issues instruction this jury received, the same "firearm" could have supported a guilty verdict on *either* count I pertaining to the use of a firearm or count II pertaining to a dangerous weapon, which could include a firearm, or as alternatively charged, an object reasonably perceived to be dangerous by the victim.

In light of the fact that the State elected to charge defendant with separate counts of the same offense, the precise statutory basis for this guilty verdict becomes important because the degree of enhanced punishment is tied directly to the statutory provision violated, rather than a specific factor or element of the offense. To illustrate this principle, I refer to the statute itself. Section 12—14(d) provides:

"A violation of subsection (a)(1) is a Class X felony for which 10 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(8) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/12—14(d)(1) (West 2006).

In this case, it is true that the jury rejected the premise that a firearm was used for purposes of enhancement alone. However, this jury was *not* instructed to consider the use of a firearm as an element of the offense under count I and exclude the same firearm from consideration as a dangerous weapon with regard to count II.

The State has requested this court to draw a negative inference from the jury's special finding for purposes of sentencing that the aggravated criminal sexual assault did not involve the use of a firearm. The State argues, based on negative inference, we can be confident the jury intended to convict on count II of the indictment alone.

Employing reasonable conjecture arising out of a negative inference may be helpful in this case, but justifying a conviction by negative inference establishes a dangerous precedent that is inconsistent with the presumption of innocence in my opinion.

Regardless, the negative inference the State urges us to adopt is logically incomplete. State's instruction No. 16 gave the jury a disjunctive choice regarding two issues, specifically, whether defendant used either a dangerous weapon or an object reasonably perceived to be dangerous by the victim. As to the enhancement by 10 years, we simply do not know, beyond a reasonable doubt, whether this jury signed the guilty verdict because all 12 jurors agreed the State proved the object was a "dangerous weapon," even though it was not a firearm, or whether the jurors signed the guilty verdict form because they unanimously agreed the victim reasonably believed defendant had threatened her with a dangerous weapon, or based on some combination of both possibilities, which is also troubling.

That being said, either conclusion the jury could have drawn regarding a dangerous weapon or an object the victim reasonably believed to be dangerous would have resulted in a conviction for the offense of aggravated criminal sexual assault as charged in count II and would have required a sentence enhanced by 10 years, as ordered by the trial court in this case.

Two separate issues instructions corresponding to each count of the indictment could have eliminated any confusion resulting from a single "guilty" verdict pertaining to the two separate counts of the indictment. Similarly, it would have been preferable for the State to submit multiple special instructions requesting the jury to make a finding for each one of the three factors *identified in the indictment* that could potentially add either 10 or 15 years to defendant's sentence. Most importantly, the State should have tracked the language of the *current* law in the separate counts of the indictment and jury instructions.

With regard to the second prong of plain error based on instructional issues, our supreme court has said that instructional errors do not require a defendant to " 'prove beyond doubt that her trial was unfair because [an instructional error] misled the jury to convict her. It does require that she show that the error caused a *severe* threat to the fairness of her trial.' " (Emphasis in original.) *People v. Durr*, 215 Ill. 2d 283, 299 (2005), quoting *People v. Hopp*, 209 Ill. 2d 1, 12 (2004).

With regard to the fairness of this trial, based on the *specific* arguments presented by defendant in this appeal and the unique facts in this case, I must concur with the majority's conclusions that: (1) the

evidence was overwhelming; (2) prejudice has not been established; and (3) structural error did not challenge the integrity of the judicial process in this case because the special finding salvages the jury's verdict. Therefore, I concur plain error does not apply. I also agree with the majority that the single conviction for aggravated criminal sexual assault and the corresponding enhanced sentence must be affirmed based on the fact that this defendant forfeited the errors arising from these instructions.

I emphasize that my concern regarding the uncertain basis of the enhanced sentence stems solely from my decision to accept the State's invitation to consider the cumulative impact of the instructions as a whole in the context of a plain error analysis. Hopefully, at a minimum, the expanded concerns expressed in this special concurring decision will be carefully considered. At the risk of sounding harsh, using the outdated language of the Criminal Code, which was revised several years before the preparation of this indictment, is very problematic and could result in the reversal of a conviction or sentence under different circumstances not presented for our review in this appeal. See *People v. Holley*, 377 Ill. App. 3d 809 (2007). At the very least, the significant interests of the victim, as well as due process considerations for the accused, merit much more careful attention from the State when prosecuting the offense of aggravated criminal sexual assault and instructing other juries.

For these reasons, I respectfully and specially concur in the decision of the majority.