Docket No. 110085.

IN THE

**SUPREME COURT**

**OF**

**THE STATE OF ILLINOIS**

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES ZIOBRO *et al.*, Appellees.

*Opinion filed April 21, 2011.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

Justice Freeman specially concurred, with opinion.

**OPINION**

This case comes to us as a consolidated appeal. Defendants James Ziobro, Michael Lemoine, and Todd Wambsganss were each issued a citation for driving under the influence (625 ILCS 5/11–501(a) (West 2006)), among other traffic violations. In each instance, the first appearance date listed on the citation was beyond the period prescribed by Supreme Court Rule 504 (Ill. S. Ct. R. 504 (eff. Jan. 1, 1996)). The defendants' attorneys filed appearances with the court and each demanded a trial in accordance with the procedure laid out by Supreme Court Rule 505 (Ill. S. Ct. R. 505 (eff. Jan. 1, 1996)). No defendant was given a new appearance date or a trial date before his original first appearance date arrived, and each appeared in the circuit

court of Will County and filed a motion to dismiss the charges at that time due to the violation of Rule 504. In each case, the charges were dismissed and the State was barred from refiling.

The appellate court upheld the dismissals on the basis that the defendants announced ready for trial when they appeared on the initial appearance date, but were not tried at that time because the State was not ready. 397 Ill. App. 3d 831, 838-39. The State filed a petition for leave to appeal pursuant to Supreme Court Rule 315 (Ill. S. Ct. R. 315 (eff. Feb. 26, 2010)), which we allowed.[1]

For the reasons that follow, we reverse the judgment of the appellate court and remand to the circuit court for further proceedings consistent with this opinion.

Background

Rules 504 and 505 govern the procedures to be used in setting and rescheduling first appearance dates for traffic violations. Rule 504 states, in pertinent part:

> "The date set by the arresting officer or the clerk of the circuit court for an accused's first appearance in court shall not be less than 14 days but within 60 days after the date of the arrest, whenever practicable." Ill. S. Ct. R. 504 (eff. Jan. 1, 1996).

Rule 505 directs an officer to issue a written notice to the accused when issuing a traffic citation that provides:

> "If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 10 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance.

---

[1] An additional case, People v. Shanahan, was consolidated with these cases before the appellate court. The court upheld the dismissal in that case based on the Rule 504 violation, but reversed the "with prejudice" portion of the judgment because the defendant in that case did not announce "ready for trial" before moving to dismiss. 397 Ill. App. 3d at 840. The State did not appeal this portion of the appellate court's ruling, so defendant Shanahan's case is not before the court.

A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance." Ill. S. Ct. R. 505 (eff. Jan. 1, 1996).

When the accused complies with this time frame and timely submits notice of an intent to plead "not guilty," the rule directs the clerk to "set a new appearance date not less than 7 days nor more than 60 days after the original appearance date set by the arresting officer or the clerk of the circuit court, and notify all parties of the new date and the time for appearance." *Id*. Rule 505 further provides that "[i]f the accused demands a trial by jury, the trial shall be scheduled within a reasonable period."

In each of the consolidated cases, an error was committed by both the arresting officer in failing to schedule the first appearance within the 14- to 60-day time frame and the clerk of the court in failing to set the new appearance date before the original appearance date arrived.

*Ziobro*

On June 6, 2008, following a traffic accident, defendant James Ziobro was issued citations for driving under the influence (625 ILCS 5/11–501(a)(1), (a)(2) (West 2006)), failure to reduce speed to avoid an accident (625 ILCS 5/11–601(a) (West 2006)), and operating an uninsured vehicle (625 ILCS 5/3–707 (West 2006)). The arresting officer set the initial court appearance date for August 7, 2008–62 days after the arrest. Defendant filed an appearance, along with a demand for jury trial and a speedy-trial demand, on July 23, 2008. Because the case had not yet been set for trial and a new appearance date had not yet been set, defendant appeared on August 7 (the original appearance date set on the ticket), announced "ready for trial," and filed a motion to dismiss the charges based on the violation of Rule 504, which requires that a defendant's first appearance be set no later than 60 days after the date of arrest. The motion to dismiss was granted on August 28, and the cause was dismissed with prejudice. The record reflects that the trial court found "that Section

504 was violated and, therefore, [granted] the motion to dismiss by the defendant," citing *People v. Walter*, 335 Ill. App. 3d 171 (2002), and *People v. Alfonso*, 191 Ill. App. 3d 963 (1989). The court then concluded that, because the State had not moved to nol-pros during the 60-day window, which would have allowed it to refile the action, there was no reason to allow a refiling in this case. The court therefore dismissed the cause with prejudice.

### *Lemoine*

Defendant Michael Lemoine was issued citations for driving under the influence (625 ILCS 5/11–501(a)(2) (West 2006)) and improper lane usage (625 ILCS 5/11–709 (West 2006)) on April 26, 2008. His initial court appearance was set for June 26, 2008–61 days after arrest. Defendant entered an appearance on June 11, 2008, along with demands for a speedy trial and a jury trial. As no new appearance date or trial date had been set, defendant appeared in court with his attorney on June 26, 2008. He announced ready for trial and filed a motion to dismiss for violation of Rule 504 when the State did not also announce ready for trial. The circuit court granted the motion and dismissed with prejudice, noting that there was no showing of impracticability. The State filed a motion to reconsider, which the court denied, finding that Rule 504 requires dismissal when first appearance date is more than 60 days after arrest.

### *Wambsganss*

Defendant Todd Wambsganss was issued citations for driving under the influence (625 ILCS 5/11–501(a)(2) (West 2006)) and speeding (625 ILCS 5/11–601(b) (West 2006)) on September 18, 2008. The first court appearance was set by the arresting officer for November 20, 2008–63 days after arrest. Defendant's attorney entered his appearance on November 5, along with speedy-trial and jury-trial demands. Defendant was not provided with a new appearance date or a trial date before November 20, when he appeared and announced ready for trial. When the State was unable to announce ready for trial, defendant filed a motion to dismiss. The circuit court granted the motion, stating:

"[T]he plain language of Rule 504 provides that the setting of

a first appearance date outside of the prescribed period of Rule 504, which is over 60 days, is excusable only upon evidence of the impracticality of setting the date within the prescribed period.

I heard no evidence of any impracticality of setting that date within the prescribed period. So by case law I think it's necessary that I, I order the dismissal of this case."

When the State moved to clarify this order, the circuit court specified that the dismissal was with prejudice.


*Appellate Court*

The appellate court affirmed the dismissals, concluding that the circuit courts did not abuse their discretion in dismissing the charges, as "the State did not present any evidence that it was impracticable to comply with Supreme Rule 504's time limitations." 397 Ill. App. 3d at 838. The court upheld the "with prejudice" aspect of the dismissals because each of the three defendants announced "ready for trial" on his respective appearance date and, the court concluded, the State's failure to proceed to trial at that time constituted a failure to prosecute, which is a disposition on the merits and bars further proceedings. *Id.* at 838-39.


Analysis

The parties focus on the circuit courts' discretion to dismiss the charges against the defendants and their authority to dismiss with prejudice. We find the first issue dispositive and, therefore, limit our analysis to the propriety of the dismissals in these cases for violations of Rule 504.

Supreme Court Rule 504 requires an arresting officer or the clerk of the court to set the first appearance in court "not less than 14 days but within 60 days after the date of the arrest, whenever practicable." Ill. S. Ct. R. 504 (eff. Jan. 1, 1996). In each of the cases before this court, the arresting officer set the date of appearance beyond this 60-day time frame and the State presented no evidence that complying with this time frame would have been impracticable. The State first argues that the circuit courts did not have the authority, under Rule 504, to dismiss the charges against the defendants unless the

defendants were able to demonstrate that they were prejudiced by the Rule 504 violation. The defendants argue in response that if the circuit court finds that it was not impracticable to set the appearance date within Rule 504's time limitations, its dismissal of charges should be disturbed only upon a finding that it abused its discretion.

Even if we agreed that, when these cases were decided,[2] the circuit court had authority to dismiss charges for a Rule 504 violation, we find that the courts in these cases abused their discretion by automatically dismissing without requiring a showing that the defendant's due process rights were violated, for the reasons set forth below.

In *Village of Park Forest v. Fagan*, 64 Ill. 2d 264, 266, 268 (1976), we held that "the time limitations in Rule 504 are directory," and reversed a dismissal in which the circuit court determined that it would have been practicable to set an appearance date within the prescribed period. We noted, however, that notwithstanding the rule's directory construction, "an arresting officer should schedule early appearance dates 'whenever practicable,' " in order to comply with the rule. *Id*. at 268.

In the consolidated cases, the State concedes that there was a clear violation of Rule 504, as the first appearance dates were set outside of the 14- to 60-day window and there was no evidence that it would have been impracticable to schedule the appearances within that time frame. The record in each case suggests that the circuit court

---

[2]We note that, since these cases were before the circuit courts, the legislature has prohibited the dismissal of misdemeanor charges for violations of Rule 504. Pub. Act 96–694 (eff. Jan. 1, 2010) (adding 625 ILCS 5/16–106.3). This new provision provides, in its entirety:

> "In any case alleging a violation of this Code or similar local ordinance which would be chargeable as a misdemeanor, a case shall not be dismissed due to an error by the arresting officer or the clerk of the court, or both, in setting a person's first appearance date, subject to the right of speedy trial provided under Section 103–5 of the Code of Criminal Procedure of 1963." Pub. Act 96–694 (eff. Jan. 1, 2010).

Therefore, our analysis is limited to the law as it existed before the enactment of Public Act 96–694.

dismissed the charges automatically upon a finding that the time restriction was violated and that the State had failed to show that it was impracticable to comply with the time restriction set forth in the rule. In each case, the circuit court required nothing more than a showing that Rule 504 had been violated (the time limit had not been respected by the arresting officer and the State could not show impracticality) before granting the defendant's motion to dismiss. The appellate court approved, finding that because "the State did not present any evidence that it was impracticable to comply with Supreme Court Rule 504's time limitations[,] *** the trial court's orders of dismissal were not an abuse of discretion." 397 Ill. App. 3d at 838.

This approach is consistent with other appellate court cases. For example, in *People v. Alfonso*, 191 Ill. App. 3d 963, 966-67 (1989), a divided appellate court found that the pertinent question on review of a dismissal for violation of Rule 504 was whether the trial court abused its discretion in its determination of practicability, rejecting the argument that dismissal should only be upheld if the violation caused "injury to [the] public interest or [to] private rights." See also *People v. Walter*, 335 Ill. App. 3d 171, 173-74 (2002) ("If the trial court determines that it was not impracticable to set the date within the rule's time limitation, the court's dismissal of charges will not be disturbed on review absent an abuse of discretion." (citing *Alfonso*, 191 Ill. App. 3d 963)).

The question of whether the State proved impracticability, however, only aids in establishing that the rule was violated. Under the clear terms of Rule 504, there is a violation of the rule's timing requirements *only* when there is no showing that it would have been impracticable to comply with them. If the circuit court were to find that the first appearance was scheduled outside of the 14- to 60-day window, but that it would have been impracticable to schedule it within that time frame, there would be *no* violation of the rule. Instead, it is only when the time limitations have not been complied with and there has been no showing of impracticability that Rule 504 is violated.

Once a violation has been established, the court must determine the consequence of such violation. It is at this point that the directory nature of the time limitations is instructive. In *People v. Robinson*,

217 Ill. 2d 43, 47 (2005), this court addressed the mandatory-directory dichotomy when a statute directing the clerk of the court to serve an order of dismissal on a petitioner within 10 days of entry was violated by 2 days. The mandatory-directory dichotomy, we noted, "concerns the consequences of a failure to fulfill an obligation." *Id*. at 52. The obligation at issue in the present cases is the arresting officer's obligation, when setting an initial appearance date, to schedule it within the prescribed time frame, whenever practicable.

The directory reading we have given to the Rule 504 time limits acknowledges "that no specific consequence is triggered by the failure to comply with the [rule]." *People v. Delvillar*, 235 Ill. 2d 507, 515 (2009). Dismissal is, therefore, not automatic in such cases. This conclusion is underscored by the facts of *Fagan*. There, defendant Holley Fagan was arrested and cited for driving under the influence and her appearance date was set beyond the 45-day window then in force. *Fagan*, 64 Ill. 2d at 265-66. She filed a motion to dismiss, which was granted by the circuit court upon a determination that "it would have been practicable for the officer to have set an appearance date [within the appropriate time frame]." *Id*. at 266. After establishing that Rule 504 is directory, not mandatory, this court concluded that the circuit court was "acting under a misconception regarding the manner in which Rule 504 is to be applied," and therefore reversed the dismissal. *Id*. at 268.

This conclusion is similarly supported by our holding in *People v. Norris*, 214 Ill. 2d 92 (2005). In that case, we noted that "nowhere in either Rule 504 or Rule 505 is a trial on the merits absolutely guaranteed on the first appearance date," and "what is being set in Rules 504 and 505 is the mere 'policy' of this court and not an inexorable command." *Norris*, 214 Ill. 2d at 102, 103. Accordingly, we found that "[b]oth rules allow for the trial judge to have complete discretion over what should occur in a particular case." *Id.* at 103.

As in *Fagan*, it appears that the circuit courts in these cases wrongly concluded that dismissal was necessary upon a finding that the arresting officers had failed to comply with Rule 504. None of the circuit courts required a showing of any form of prejudice resulting from the Rule 504 violations before dismissing the charges. For the following reasons, we hold that this was an abuse of the courts' discretion. In section 114–1 of the Code of Criminal Procedure, the

legislature has set forth 11 grounds for dismissal of an indictment, information, or complaint. 725 ILCS 5/114–1(a) (West 2006). A Rule 504 violation is not listed among these grounds. *Id.* In addition, this court has previously acknowledged that circuit courts have inherent authority to dismiss cases, stemming from "the obligation to insure a fair trial." *People v. Lawson*, 67 Ill. 2d 449, 456 (1977). Therefore, while section 114–1 is not exclusive, we have recognized a circuit court's right to exercise its authority to dismiss outside of the situations listed in section 114–1 only "when failure to do so will effect a deprivation of due process or result in a miscarriage of justice." (Internal quotation marks omitted.) *People v. Newberry*, 166 Ill. 2d 310, 314 (1995) (quoting *People v. Fassler*, 153 Ill. 2d 49, 58 (1992), quoting *People v. Sears*, 49 Ill. 2d 14, 31 (1971)); see also *Norris*, 214 Ill. 2d at 103-04, 105 (noting that, to the extent that continuance motions were denied in that case "solely because the judges felt they did not have the discretion to do anything else," the denials were in error, as "Rule 505 in no way so limits a trial judge's discretion," and remanding for further proceedings, as "the defendants may be able to show harassment, bad faith, or fundamental unfairness," which would be grounds for dismissal).

While a supreme court rule may give a circuit court authority to dismiss for a violation thereof (see *People v. Sullivan*, 201 Ill. App. 3d 1011, 1012-13 (1990)), directory rules such as Rule 504, by definition, carry no particular consequence (*Delvillar*, 235 Ill. 2d at 515). A mere violation of Rule 504 is not sufficient grounds, standing alone, to dismiss charges, as "violation of the rule would [not] ordinarily cause any injury to public interest or private rights." *Fagan*, 64 Ill. 2d at 268. As such, we find that it was an abuse of the circuit courts' discretion in these consolidated cases to dismiss the charges without requiring a showing of prejudice to the defendant. We therefore reverse the dismissals of the charges in each of the cases and remand for proceedings consistent with this opinion.

In light of the foregoing analysis, we conclude that the analytical framework employed by the appellate court in *Alfonso*, 191 Ill. App. 3d 963, and *Walter*, 335 Ill. App. 3d 171, was erroneous. These cases are, therefore, overruled.

Because we find that the circuit courts abused their discretion in granting the motions to dismiss, we need not address their authority

to dismiss with prejudice. However, we find it appropriate to offer some guidance in these cases to the circuit courts on remand. Public Act 96–694, effective January 1, 2010, affirmatively prohibits the circuit courts from dismissing the DUI charges for a violation of either Rule 504 or 505. Pub. Act 96–694 (eff. Jan. 1, 2010) (adding 625 ILCS 5/16–106.3). When, as here, a provision does not directly address the temporal reach of the new statute, section 4 of the Statute on Statutes governs, prohibiting the retroactive application of substantive provisions, but providing that procedural law changes will apply to ongoing proceedings. 5 ILCS 70/4 (West 2006); see also *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 331 (2006). This new provision affects the possible consequences of a procedural violation. Because Rule 504 is directory and a violation of the rule does not otherwise guarantee dismissal of the case (as has been discussed above), the statute does not affect a vested right. Thus, we conclude that it is procedural in nature and, therefore, can be applied "retroactively" to ongoing cases. On remand, the circuit courts are therefore bound by the current law and do not have the discretion to dismiss the charges for a violation of Rule 504 or 505, subject to the right of speedy trial provided under section 103–5 of the Code of Criminal Procedure of 1963.

Conclusion

We hold that, even if the circuit courts had discretion to dismiss these consolidated cases due to Rule 504 violations at the time they were decided, they abused their discretion in failing to require a showing of prejudice to the defendants. The judgments of the appellate court and of the circuit courts are therefore reversed and the causes remanded to the circuit courts for further proceedings consistent with this opinion.

Reversed and remanded.

JUSTICE FREEMAN, specially concurring:

Although I agree that dismissal is unwarranted in these cases, I do so for reasons other than those expressed in the court's opinion.

As an initial matter, today's opinion decides an issue not before the court, *i.e.*, whether Public Act 96–694 applies retroactively to these defendants, who were ticketed before its effective date of January 1, 2010. The retroactivity of the new legislation is not an issue before the court, and by deciding it without the benefit of briefing, the court has prevented the parties from any opportunity to speak to it substantively. In fact, the State cites to the legislation in a footnote, stating only that the problem "will not arise in the future" because dismissal is now legislatively prohibited under the circumstances presented here.

The legislation *does* play a role in today's decision, but it is not the one that the court envisions. The need for such legislation, one might argue, was occasioned *because* the General Assembly was aware that courts had the discretion to dismiss charges for a Rule 504 violation. There are several reasons why such an argument might be persuasive. Initially, there was judicial authority for such dismissals. See *People v. Walter*, 335 Ill. App. 3d 171 (2002); *People v. Alfonso*, 191 Ill. App. 3d 963 (1989). Second, cases such as *Village of Park Forest v. Fagan*, 64 Ill. 2d 264 (1976), and *People v. Norris*, 214 Ill. 2d 92 (2005), stand for the proposition that dismissal *may* be appropriate if Rule 504 is violated, which, of course, contradicts today's pronouncement that these cases state that no such discretion existed.

To support its conclusion, the court must overrule *Walter* and *Alfonso*, but this is entirely unnecessary in this case, because each of the three defendants not only received the benefit of Rule 504, they forfeited the opportunity to assert any violation of it. All three *actually appeared within the 14 to 60 day window provided by Rule 504*. They did so to file speedy-trial and jury demands and, in some cases, to seek discovery. This fulfilled the purpose of the rule to grant the opportunity for a "trial on the merits" within "a reasonable time" after the appearance date. As this court recently explained about Rule 504 in *Norris*, the "policy" announced there, *i.e.*, to grant trials on the first appearance date, operates for fine-only offense cases, not for misdemeanor traffic offenses, including DUI offenses. Therefore, this "policy" simply has nothing to offer with respect to the analysis of this case. Further, DUI trials are far more involved than trials in fine-only cases. DUI trials are often complicated, involving multiple witnesses, chemical testing, toxicology reports, and the like. Defendants are

-11-

entitled to invoke their speedy-trial rights to force the State to move the case expeditiously, but that right is entirely separate from the "policy" announced in the rule. *Norris*, 214 Ill. 2d at 102.

Thus, by failing to raise the Rule 504 violation until after jury-trial and speedy-trial demands were filed, defendants waived any right to dismissal they may have had under Rule 504. It is for this reason and this reason alone that I join in the court's disposition of these cases.